ALLEN, PREER & ILGES, plaintiffs in error, *vs.* CHARLES M. SMITH, defendant in error.

(BY TWO JUDGES.)—Where S. furnished land and the necessary means to make a crop to a freedman, under a contract that the crop was to be the property of S. until his advances were returned, for which purpose he was to sell the crop, and return any surplus to the freedman, and the cotton made was carried to the gin house of S., there ginned and packed and left for several days, this constituted sufficient possession in S. to enable him to sue out a possessory warrant for the cotton, which had afterwards been secretly carried off by the negro and sold. 5th March, 1872.

Possessory Warrant. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1871.

The facts are in the opinion.

PEABODY & BRANNON, for plaintiffs in error. The judgment of a Justice of the Peace in possessory warrant reversable, though some evidence to sustain it: 37 Ga. R., 580. The contract and possession was only for security, and gave no title: 43 Ga. R., 262. Such possession not good basis for possessory warrant: 40 Ga. R., 329.

MOSES & DOWNING, for defendant.

Cody *et al. vs.* Lennard.

MONTGOMERY, Judge.

The defendant in error made a contract with a freedman, by which he was to furnish land, all necessary horse-power, provisions, etc., which the freedman was to use, in making a crop. The crop was to belong to Smith, until all his advances were paid. He was to sell the crop, pay himself, and give the surplus, if any, to the freedman. The crop was made, (three bales of cotton), gathered, carried to Smith's gin-house by the freedman, ginned, packed and there left. It was worth less than the advances made by Smith to the freedman. The gin-house was half a mile off from the land on which the cotton was made. The cotton remained several days at the gin-house, when, during Smith's absence from home, the freedman, without his knowledge or consent, carried it to Columbus, and sold it, and so it came into the possession of the plaintiffs in error. Smith took out a possessory warrant before a magistrate. The magistrate awarded the cotton to him. A *certiorari* was sued out, the judgment of the magistrate affirmed, and the case brought here.

We see no error in the ruling. The crop had been made and delivered according to the contract. Smith had possession at the time. It was unlawfully taken by the freedman.

Judgment affirmed.