WILCOX, GIBBS & COMPANY, plaintiffs in error, *vs.* JAMES H. TURNER, defendant in error.

1. Where notes and liens, payable to the order of plaintiffs, for goods sold belonging to them were in the possession of their agent, with no authority to transfer, and were represented by said agent to have been lost, and were found in the possession of the defendant, who denied knowing anything about them on inquiry made, the magistrates on the trial of a possessory warrant for the same, properly awarded the possession to the plaintiffs.   (R.)

2. The fact that the plaintiffs took the note of their agent for the amount of the liens and notes alleged to have been lost, with the stipulation that when found the same should be credited thereon, does not defeat the right of the plaintiffs to the possession of their property.   (R.)

Wilcox, Gibbs & Company *vs.* Turner.

3. Where the evidence which was objected to, if excluded could not have altered the result, it was error in the Superior Court to set aside the judgment of the magistrates. (R.)

Possessory warrant. Principal and agent. Promissory notes. Before Judge GREEN. Rockdale Superior Court. September Adjourned Term, 1871.

For the facts of this case, see the decision.

S. F. WEBB; W. W. GARRARD, for plaintiffs in error.

A. C. McCALLA; CLARK AND PACE, for defendant.

WARNER, Chief Justice.

This case came before the Superior Court on a *certiorari* from a Justice's Court, complaining of errors in the rulings of the Justices on the trial, and of the judgment of the Justice's Court under the evidence in the case. On the hearing of the *certiorari* in the Superior Court, the Court sustained the *certiorari* and ordered a new trial; whereupon the defendants in *certiorari* excepted. It appears from the return of the magistrates who presided on the trial in the Justice's Court, that a possessory warrant was sued out by Wilcox, Gibbs & Company against Turner, to recover the possession of certain promissory notes and liens which had been in the possession of White, their agent, payable to them or to their order, and that the same had been fraudulently taken possession of by Turner under some pretended claim, without lawful warrant or authority. It also appears from the evidence had on the trial of the possessory warrant, that D. T. White was the agent of Wilcox, Gibbs & Company for the sale of guano, that the notes and liens in controversy were taken by him, as their agent, for their guano sold by him and were payable to them or to their order.

When White was called on for a settlement for the guano sold, he said that he had lost the notes and liens taken by him therefor, and made affidavit to that fact, and then the

plaintiffs took his note for the amount of the notes and liens alleged to have been lost by him, with a stipulation that when the notes and liens should be found, the amount thereof should be credited on his note. The notes and liens were subsequently found in the possession of Turner; how, or in what manner he obtained possession of them, does not appear. There is positive evidence that White, as the agent of the plaintiffs, had no authority to transfer or to dispose of them, but the evidence does not stop there. Inquiries were made about the loss of the notes, and particularly of Turner, the defendant, who stated to different persons, who were examined as witnesses, that he did not have or know anything about the notes; stated to Albert that, in his opinion, he would never see these papers; that White had lost or destroyed them in some of his drunken sprees, and he would never see or hear of them. These notes and liens were in the lawful possession of the plaintiffs' agent, payable to their order. Their agent had no authority to transfer or dispose of them, and were represented by him to have been lost, and have since been found in the possession of the defendant, who denied knowing anything about them when inquiries were made of him by persons interested to know the truth of the matter. The fact that the plaintiffs took the note of their agent for the amount of the supposed lost notes, with the stipulation that, when found, the same should be credited thereon, does not prevent the plaintiffs from recovering the notes and liens, when found in the possession of the defendant; the supposed lost notes and liens, when found, may be a much better security for the payment of their guano than their agent's note. If we exclude the evidence as to the sayings of D. T. White, and the evidence of Ansley as to his *belief* that the notes had been wrongfully taken possession of by the defendant, which was the only evidence objected to, and admitted, still, there is quite sufficient evidence to sustain and support the judgment of the Justices which was rendered in the case. The question in the case was whether the defendant had the possession of the plaintiffs' lost notes

and liens under sufficient lawful warrant or authority to authorize him to retain the possession thereof, as against the plaintiffs, under the statement of facts as disclosed in the return of the Justices; and, in our judgment, he had not, and that the Court below erred in sustaining the *certiorari* and ordering a new trial in the case.

Let the judgment of the Court below be reversed.