## DESVERGERS *vs.* KRUGER.

[This case was argued at the last term and the decision reserved.]

Upon the hearing of the writ of *certiorari,* if the rights of the parties depend upon the determination of disputed facts, the court should not pass final judgment, but should remand the case for a new trial.

*Certiorari.* Practice in the Superior Court. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1877.

Reported in the decision.

RUFUS E. LESTER, for plaintiff in error.

R. R. RICHARDS, by brief, for defendant.

WARNER, Chief Justice.

This case came before the court below on a writ of *certiorari*, in which the petitioner therefor complained of error having been committed by the county commissioners of Chatham county, on the trial of an application for the removal of obstructions to a private way on Liberty island, as provided by the 734th section of the Code. On the trial of the case before the commissioners, they found in favor of Desvergers, the complaining party, and against Kruger, who, it was alleged, had obstructed the private way, or road, leading from the north to the south side of the island. Kruger sued out a writ of *certiorari*, and the proceedings had before the commissioners were brought up to the superior court for review. The court, after considering the same, ordered and adjudged that the finding of the commissioners should be reversed, and further ordered and adjudged that the defendant in *certiorari* had no right of way over the land of the plaintiff in *certiorari*, as claimed by him, and found in his favor by the commissioners. Whereupon the defendant in *certiorari* excepted.

It appears from the record in the case, that the questions involved at the trial thereof were, whether there was any road or private way leading from the landing on the north side to the south side of Liberty island, and if there was, whether it had been used by the defendant in *certiorari* and those under whom he claimed continuously or whether its use had been abandoned by the defendant and those under whom he claimed, for such a length of time as would give to the plaintiff in *certiorari* a prescriptive title to the land over which the road passed, and thus bar the defendant's right to use the same as a private road? Upon these several points in the case there was a great deal of evidence on both sides, which was conflicting, and the finding of the commissioners from that evidence was in favor of the defendant in *certiorari*, and there is quite sufficient evidence in the record to support that finding, as there would have been if the

commissioners had found in favor of the plaintiff in *certiorari;* but they chose to believe the witnesses of the defendant in *certiorari*, as they had the right to do, instead of those of the plaintiff in *certiorari*. The legal rights of the parties depended on the facts of the case, and the commissioners found the facts under the evidence to be in favor of the defendant in *certiorari*. Whilst we will not interfere to control the discretion of the court in reversing the judgment of the commissioners and granting a new trial, when the evidence was as conflicting as in the present case, still we are constrained to declare by our judgment, that this is not such a case in which there is no question of fact involved as would have authorized the court, under the 4067th section of the Code, to make a final decision of it without sending it back to the tribunal below for a new trial. Inasmuch as the commissioners found the facts in favor of the defendant in *certiorari*, it would seem that he should have been entitled to a final judgment thereon instead of the plaintiff in *certiorari*, against whom the commissioners found, under the evidence in the record. We, therefore, reverse that part of the judgment of the court below which ordered and adjudged " that the defendant in *certiorari* had no right of way over the land of the plaintiff in *certiorari*, as claimed by him and found in his favor by the commissioners," and direct that a new trial in the case be had, inasmuch as the court, in the exercise of its discretion, reversed the judgment of the commissioners.

Let the judgment of the court below be reversed.