Claton *vs.* Ganey.

CLATON *vs.* GANEY.

| 63 | 331 |
| 100 | 477 |

[WARNER, Chief Justice, being engaged in presiding over the senate organized as court of impeachment, did not sit in this case ]

1. A search warrant is a criminal proceeding ; only where there has been a crime can it serve to alter possession. Hence, a judgment for the defendant in such a warrant is no bar to a possessory warrant.

2. An affidavit upon which a possessory warrant issues is sufficiently specific as to the county in which the property is, if it shows of what county the defendant is, and that the property has been received or taken possession of by him.

3. Where the dispute turns wholly on matters of fact, with no estoppel or conclusive bar on either side, and the evidence is conflicting, the case is not one for final judgment on *certiorari,* contrary to the judgment rendered by the primary court, but if the *certiorar* is sustained, the case should be remanded for a new trial.

*Certiorari.* Search warrant. Possessory warrant. Before Judge WEIGHT. Mitchell Superior Court. May Term, 1879.

Ganey's petition for *certiorari* made the following case : Claton sued out a possessory warrant against him for one spotted sow-hog. He pleaded *res ajudicata,* in this that on

21

March 10, 1879, said Claton had sued out a search warrant against him for the same hog, and after trial before Shackleford, J. P., the property was ordered turned over to petitioner, and he was thus placed in possession.

The plea was overruled and petitioner excepted.

He then moved to discharge the warrant because the affidavit upon which it was founded did not state that the hog in controversy was in the county of Mitchell.

This motion the court refused and he excepted.

After the introduction of testimony the court awarded the possession to the plaintiff in the warrant, and petitioner again excepted.

On the hearing in the superior court, the *certiorari* was sustained, and it was further ordered that the constable deliver the property to Ganey on his giving bond and security as required by law.

To this judgment Claton excepted. The remaining facts, so far as material, are stated in the opinion.

JAMES H. SPENCE, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Justice.

1. The adverse adjudication upon the search warrant did not conclude the plaintiff in the possessory warrant subsequently sued out. Such warrant is a criminal proceeding, and serves to alter possession only where a crime has been committed. Code, §§4759, 4760, 4761. On the other hand, possessory warrant is a civil proceeding, and under it the property is " to be delivered to the person from whom the same was violently or fraudulently taken or enticed away, or from whom the same absconded, or in whose peaceable and lawful possession it last was." *Id.*, §4035. With this difference of nature and scope in the two warrants, it is manifest that the facts developed on the trial of the former might be such as to uphold the latter, and yet wholly insufficient t m ti      the former. The criminal proceeding

Claton *vs.* Ganey.

might fail solely because the requisite criminal element was found absent. Nothing is plainer than that a judgment to the effect that $a$ plus $b$ is not proved, is no adjudication that $a$ is not proved.

2. The affidavit on which the possessory warrant issued alleged the defendant was of Mitchell county, and that the property had been received or taken possession of by him. It is true that the complaint on oath to obtain a warrant is to be made "to any judge of the superior, judge of the county court, or justice of the peace of the county in which the property in controversy may be," (Code, §4032,) and it does not follow with absolute certainty that the property is in the county because the person who has taken or received it is of the county; yet, there is a fair presumption, until the contrary appears, that such is the fact. There is some difficulty in grounding jurisdiction to issue the warrant upon a mere presumption which may or may not be true, and certainly in so summary and special a proceeding as that by possessory warrant the jurisdiction ought to appear upon the face of the papers. It is, however, to be considered that in many cases, perhaps in most of them, the complaining party may be unable to find the property, and can only know where it is by inferring its whereabouts from that of the wrongful possessor. Evidently, the remedy of possessory warrant is intended as much for cases where property is hidden or concealed, as where it is held openly; for if the officer cannot find it so as to seize it under the warrant, the defendant is to be imprisoned until he produces it, if to produce it is in his power. Code, §4038. In deciding what averments will suffice to ground jurisdiction, regard must be had to the general scope and scheme of the statute, and to what, in the nature of things, is practicable or impracticable in applying it to the actual cases which it was intended to reach. It is a general rule of law that personalty is to be considered as here or yonder, not as may happen to be its actual location for the time being, but as the owner may be or reside here or there. The property follows and attends him as he changes place. This rule is not

of itself, sufficient to dispose of the question in hand, but it furnishes an analogy which seems useful. To allege that a person is of such or such a county, is, in some sort, to allege that his personal property mentioned in the same instrument is of that county. So, to allege that a person has received or taken possession of certain personalty, and that he is of the county named, is an indirect allegation that the property is there also. It may be that this view mixes somewhat constructive location with actual location, and does not come down to an exact fit with the meaning of the statute; for it must be confessed that the statute contemplates that the complaint shall be lodged in the county where the property actually is. The only escape which I see, after all, is to revert to the presumption first announced, and to rest the jurisdiction on it; justifying the acceptance of a presumption as the basis for jurisdiction, by the impracticability of requiring more to be directly sworn to than has been sworn to in this case, the object and purpose of the statute being considered. At all events, the holding of this court is, that the affidavit is sufficiently specific as to the property being in Mitchell county, the county in which the warrant was applied for and issued, and I have given the best reason I can for so deciding.

3. It may be that the court below was right in sustaining the *certiorari*, (on the facts in evidence,) granting the law on the two special points to be as we have above ruled it. But we will let the ruling be reconsidered, for the court did not stop with sustaining the *certiorari* but disposed finally of the case instead of remanding it for a new trial. As the dispute turns wholly upon matters of fact, and there is no estoppel or conclusive bar on either side, and the evidence is conflicting, the judgment of the primary court cannot be properly set aside without an order to try the case over. 60 *Ga.*, 100. If with such an order the *certiorari* had been sustained we should not have interfered, and we leave the court below free to sustain the *certiorari* or not, in his discretion.

Judgment reversed.