## BUSH & BROTHER *vs.* RAWLINS.

1. Where, upon the trial of a possessory warrant case, the magistrate determines that the property has been violently or fraudulently taken or enticed away or was lost in the peaceable and lawful possession of the plaintiff, and renders a judgment in favor of the plaintiff, he shall then require such plaintiff to enter in a bond with good and sufficient security for the forthcoming of said property to answer any judgment, execution or decree that may be recovered against him by the defendant in an action at law or in equity ; and upon his failure to give the bond required by the statute, the magistrate may deliver the property to the defendant upon his entering into like bond ; but where, upon the trial of the case, the magistrate renders a judgment in favor of the defendant, and the possession of the property is therefore not changed, no bond is required to be given by the defendant.

(*a*) The statement to the contrary of this ruling in the head-note to the case of *Rosenberry vs. Rosenberry*, 31 *Ga.* 122, was an *obiter dictum*

2. Generally, where the evidence in a magistrate's court is conflicting, and a *certiorari* is sued out to the judgment rendered, if it be sustained, the case should be remanded for a rehearing, and a final judgment should not be rendered by the judge of the superior court ; but in cases of possessory warrant, the statute confers upon the judge the power, upon the hearing of the *certiorari*, to remand the case or give final judgment and direction therein as he may see fit ; and where, in his discretion, he renders a final judgment, this court will not interfere therewith, unless the evidence be strongly and decidedly against such judgment, or unless he violates the law therein.

(*a*) The ruling in the case of *Clayton vs. Ganey*, 63 *Ga.* 341, seems to have been made under the general law governing *certioraris*, and without considering §4040 of the code.

March 26, 1888.

*Certiorari.* Possessory warrant. Bonds. Practice in superior court. Before Judge KIBBEE. Pulaski superior court. May term, 1887.

Reported in the decision.

A. C. PATE by J. H. LUMPKIN, and L. C. RYAN, for plaintiffs.

W. L. Grice, for defendant.

Simmons, Justice.

Bush & Brother sued out a possessory warrant before a justice of the peace for Pulaski county against A. M. Rawlins for seven mules.   On the trial of the case by the justice of the peace, he awarded the property to the plaintiffs ; whereupon the defendant, under the statute, gave notice of his intention to apply for a *certiorari.*  The *certiorari* was granted by the judge of the superior court, and on the hearing of the *certiorari* he sustained the same and ordered the property to be turned over by the sheriff to the plaintiff in the *certiorari,* the defendant in the possessory warrant case below.   Whereupon Bush & Brother, the plaintiffs below, filed their bill of exceptions to the judgment of the superior court and brought the case here for review.

The errors alleged in the bill of exceptions are : "(1) because said judgment of the court is contrary to the evidence and decidedly against the weight of evidence; (2) because said judgment is contrary to law ; (3) because the order of said judge in said case is illegal, in this, that it does not require A. M. Rawlins, the party to whom the possession of the property is awarded, to give bond and security as required by the statute ; (4) because the order and judgment of said court is illegal in this, that it finally disposes of said case, when it should have remanded the case to the justice of the peace, before whom the same was tried, for a re-hearing."    Only two of these grounds were insisted on before us by the plaintiff in error, to-wit, that the judge required no bond of the defendant ; and that he should not have made a final disposition of the case, but should have sent it back for a re-hearing.

1. Whether the defendant in a possessory warrant case, when he is successful, is required by law to give a bond for the forthcoming of the property has never been directly decided by this court, so far as we are informed, or can

ascertain by diligent search of the reports; and we are thus at liberty to construe §4035 of the code for ourselves. We think that the true intent and meaning of that section of the code is, that when the magistrate hears the evidence as to the question of possession, and determines that the property has been violently or fraudulently taken or enticed away or has absconded, or was last in the peaceful and lawful possession of the plaintiff, and renders a judgment to that effect, he shall then require the plaintiff to enter into a bond with good and sufficient security for the forthcoming of said property to answer any judgment, execution or decree that may be had against him by the defendant, the opposite party in an action at law or in equity. We do not think that the law intended that where a defendant was in the peaceful and lawful possession of the property, and the magistrate so determines upon an investigation of the possession, under a possessory warrant, the defendant should be required to give bond and security in double the amount of the property which the court had determined he was in the lawful and peaceful possession of. The statute requires that when the property is awarded to the plaintiff and he shall refuse or fail to give bond and security, the justice may deliver up the property to the defendant upon his entering into a like bond and security of the same nature and effect; but it makes no provision for the plaintiff to give the bond and security when the property is awarded to the defendant and he fails to give the bond and security. This, in our opinion, shows that it was not the intention of the law to require bond except in cases where the possession is changed by the judgment of the court. In such cases there is a good reason for demanding bond of the plaintiff, but there is no reason for demanding a bond when the property is awarded to the defendant; there is no change of the possession of the property. It is left by the judgment of the court where it was before the warrant was issued. In a possessory warrant the plaintiff, under the

law, cannot claim anything but the possession of the property. When the court decides against him upon that question, he has had his day in court, and has failed to make good his claim. If the plaintiff claims title to the property he has another remedy provided by law. He can bring his action of bail and trover and thus require the defendant to give a bond for the forthcoming of the property.

Any other construction of this statute would, in our opinion, work great hardship upon persons having property in possession. Any irresponsible person might sue out a possessory warrant, and cause the defendant to be arrested and his property seized and brought before the court, and yet, under the construction contended for, if the plaintiff should utterly fail to make out any sort of case, and the magistrate should award the property to the defendant, the defendant would be required to give bond and security for the forthcoming of the property for four years to come. The defendant would not only have the possession of the property, but might have the legal title thereto, and would still be required to give bond and security for its forthcoming. Being entitled to the property and having the legal title, he might be unable to give the bond in double the amount of the property. As said before, there is no law in such a case authorizing the plaintiff to give bond and take the property. The officer, therefore, would be compelled to hold the property, and the defendant be deprived of its use and enjoyment for months or perhaps years, at great expense in keeping the property, by the officer, for there is no law authorizing the sale of the property under such circumstances. For these reasons and others which might be mentioned, we hold that when the property is awarded to a defendant upon the trial of a possessory warrant, the law does not require that he should give bond to the plaintiff for its forthcoming. We are aware that in the head-note to the case of *Rosenberry vs. Rosenberry*, 31 *Ga.* 122, a different view is an-

nounced, but the facts of that case show that the point was not made in the case, and it was not necessary to decide the question. The plaintiff was successful in that case, and gave the bond as required by the statute.

2. It is argued by counsel for the plaintiff in error that the court below erred in making a final disposition of this case instead of sending it back to the magistrate for a rehearing. Counsel contends that the *certiorari* and the answer thereto make questions of fact and not questions of law only, and that therefore, the court had no right to make a final disposition of the case. This contention would be true if this had been a *certiorari* under the general law of *certioraris*. Generally, where facts are involved in a *certiorari*, it is the duty of the court, if he sustains the *certiorari*, to send back the case for a re-hearing. Code, §4067, and decisions thereunder. But we think that the disposition of a *certiorari* in a possessory warrant case does not fall under section 4067, but comes under section 4040 of the code. This chapter of the code treats of the trial, judgment and subsequent proceedings in cases of possessory warrants, and the last section of the chapter (4040) is as follows: "Upon the hearing of the *certiorari*" (in a possessory warrant case "the judge may remand the case or give final judgment and direction therein as he may see fit." This section, in our opinion, applies only to *certioraris* in possessory warrants. In these cases, it leaves it in the discretion of the judge of the superior court to remand or give final judgment as he may see fit. It makes him the judge and the jury to hear the facts and determine the law; and unless the evidence is strongly and decidedly against his verdict, or unless he violates the law in his judgment, we would not feel inclined to interfere. And there is good reason for this view of the case. A possessory warrant is a summary proceeding. The right to possession is the only thing that can be tried in such a case. It was doubtless the intention of the legislature to have speedy trials for the purpose of settling disputes of

this kind between citizens of the State. There is no jury in a magistrate's court to try this kind of a case. What then would be the use of the judge of the superior court remanding the case to the same magistrate for a rehearing? The judge of the superior court is better qualified in many respects, by reason of his training, his intelligence, his skill and his practice, to determine these questions than a justice of the peace ordinarily is. We think, therefore, that the legislature wisely left it in the discretion of the judge to make a final disposition of the case or remand it as he saw proper. We have looked into this record and do not find that the judge below found contrary to the evidence or to the law, as complained of in the first and second grounds in the bill of exceptions. Nor did he commit error in passing the order set out in the record.

We are aware that this court, in the case of *Clayton vs. Ganey*, 63 *Ga.* 331, held that, in a possessory warrant case, where the evidence was conflicting, the judge of the superior court should remand the case for a rehearing, and cite a case in 60 *Ga.* 100, to sustain the decision. That case was under the general law and the court puts the decision on section 4067 of the code. It appears that in *Clayton vs. Ganey, supra,* section 4040 was not considered by the court. As said before, we think this last section applies exclusively to *certioraris* in cases of possessory warrants, and the judges of the superior courts have the discretion to make a final disposition of the case without sending it back for a new trial; and that discretion will not be controlled by this court, unless it is abused. For these reasons, the case of *Clayton vs. Ganey* is overruled.

Judgment affirmed.