## SHERIFF *v.* THOMPSON.

1. One who entrusts personal property to an agent to be cared for, giving such agent authority to use it, may, upon the refusal of the agent to return the property after demand, maintain proceedings by possessory warrant to recover his possession. LITTLE, J., dissenting.
2. Under the provisions of the code the judge of the superior court, in passing upon a certiorari from the decision of a justice of the peace in a possessory-warrant case, may in his discretion make a final disposition of the case without sending it back for a new trial.

Argued October 8, — Decided October 30, 1902.

Certiorari.    Before    Judge    Gober.    Cobb    superior    court. March 24, 1902.

*G. D. Anderson* and *Mozley & Weaver*, for plaintiff in error.
*N. A. Morris* and *E. P. Green*, contra.

SIMMONS, C. J.    Proceedings by possessory warrant to recover certain personal property were instituted by Jack Thompson against Anna Sheriff.    On the trial before the justice of the peace the justice granted a nonsuit, and the plaintiff sued out a writ of certiorari from the superior court.    Pending the hearing of the certiorari the plaintiff died, and Ida Thompson, his widow and sole heir, was made a party by consent.    The judge of the superior court sustained the certiorari, and made a final disposition of the case in favor of the plaintiff.    To this judgment exception is taken.

1. The petition for certiorari assigned error upon the judgment of the magistrate, upon the grounds that he had no authority to grant a nonsuit in the case and should have awarded the property to the plaintiff, and that it was error not to award the property to plaintiff, the defendant having produced no evidence.    The defendant moved to dismiss the certiorari, upon the grounds that the errors of the magistrate were not plainly and distinctly set forth, that it did not appear that any objection was made to his order at the time it was made, and that the last ground did not set forth any error.    This motion the judge overruled.    It was entirely unnecessary to allege any objection made to the judgment at the time it was rendered, and the assignments of error upon the judgment seem to us to be sufficiently plain and specific.    The evidence of the plaintiff showed clearly that the property in dispute was his, and the only questions in the case are: (1) whether the facts made

a case in which possessory warrant could be maintained as the remedy; and (2) whether the judge of the superior court could properly have made a final disposition of the case, or should have remanded it to the justice for a new trial. Under the provisions of the Civil Code (§4799 et seq.) of this State, possessory warrant is made available for the recovery of personal property which has been taken or carried away, " either by fraud, violence, seduction, or other means, from the possession of the party complaining." On the trial the judge or justice shall hear evidence on the question of possession, without investigating the title, " and shall cause the property to be delivered to the party from whose possession the same was violently or fraudulently taken or enticed away, . . or in whose peaceable and lawful possession it last was." In the present case the evidence of the plaintiff, there being none introduced by the defendant, showed that plaintiff was the son-in-law of the defendant. Plaintiff's wife died, leaving plaintiff as her sole heir. All of the property in dispute belonged to plaintiff and his wife, or to his wife. The plaintiff, the wife, and the defendant lived in the same house, defendant having a room to herself which she still occupies. After the death of plaintiff's wife, he married a second time and moved to another place. The property in dispute was left in plaintiff's portion of the house, he giving defendant the key. Defendant was to look after the property and take care of it, had access to it, and was allowed to use it when she wished. When plaintiff desired to take his property and demanded it of defendant, the latter refused to surrender it or to give him the key to his room. He thereupon sued out a possessory warrant against her. It was argued that, as the property had been last in the peaceable and quiet possession of the defendant, possessory warrant would not lie against her, but that plaintiff would have to resort to an action of trover. The judge of the superior court ruled otherwise and sustained the certiorari. In the case of *Meredith* v. *Knott,* 34 *Ga.* 222, the plaintiffs bought certain cotton of the defendant and left it with him, at their risk, to be kept until called for. When plaintiffs demanded the cotton, defendant refused to let them have it. They sued out a possessory warrant, and the question was raised whether this was a proper remedy. This court held that it was, saying : " After the plaintiffs had purchased the cotton and deposited it with the defendant, his possession was that of the plain-

tiffs. They had a right to go and take it whenever they chose; but when this was denied and the defendant refused to let them have it, the possession was changed and that of [the defendant] was wrongful, tortious, and fraudulent; and in all such cases we hold that a possessory warrant is the proper remedy." In the case of *Hillyer* v. *Brogden*, 67 *Ga.* 24, it appeared that an agent wrongfully refused to turn over to his principal personal property which was hers and which had been entrusted to him as her agent. He, instead, turned it over to another who was, in law, an entire stranger to the principal. Against this third person the principal sued out a possessory warrant. This court held that the possession of the agent was more than the bare constructive possession of the principal, and was sufficient to support a proceeding by possessory warrant, instituted by the principal to recover the property. It was also held that the defendant, in accepting the property from the agent, took it unlawfully and wrongfully from the possession of the principal. The case of *Trotti* v. *Wyly*, 77 *Ga.* 684, was distinguished from that of *Meredith* v. *Knott*, supra, because in it there was a dispute as to both the title and the right of possession of the property involved. In *Mitchell* v. *Railway*, 111 *Ga.* 770, the case of *Hillyer* v. *Brogden* was cited as authority for the statement that the possession of an agent who has no special property or interest in the chattel is the actual possession of the principal. And in the case of *Wynn* v. *Harrison*, 111 *Ga.* 816, it was held: "When a father permits his minor son to use for a particular purpose a chattel belonging to the former, and the latter, without authority, undertakes to sell or dispose of the property and in so doing yields possession to a third person, the father may maintain a possessory warrant for the purpose of recovering possession. This is so for the reason that, in legal contemplation, the possession of the son was that of the father, and the attempt, in the manner stated, to deprive him of that possession was wrongful and tortious, the minor being unable to make any binding consent as to the matter." Under these decisions, and particularly that in *Meredith* v. *Knott*, we think it is settled that a proceeding by possessory warrant will lie in a case like the present. The possession of the defendant as agent of the plaintiff was, in law, the possession of the principal; and this possession of the principal was more than merely constructive, and was sufficient to support a proceeding by possessory

warrant.   When the defendant refused to deliver the property to her principal, she ceased to hold it for the principal, her possession became wrongful, tortious, and fraudulent, and the principal could recover possession by a possessory warrant.

2. The proposition announced in the second headnote is controlled by the Civil Code, § 4807, and by the case of *Bush* v. *Rawlins*, 80 *Ga.* 583, in which this code section was discussed and applied.

*Judgment affirmed.   All the Justices concurring, except Lumpkin, P. J., absent, and Little, J., dissenting.*