## 486. GOODWILL *v.* PEEPLES.

Possessory warrant will lie against one who in a stock-law county impounds trespassing live stock and fails within due time to give the statutory notice.

Certiorari, from Marion superior court—Judge Little. April 23, 1907.

Submitted October 15,—Decided October 22, 1907.

*George P. Munro,* for plaintiff in error.

*W. D. Crawford,* contra.

POWELL, J. The hogs of the defendant in error, who was the plaintiff in the court below, strayed into the growing crops of the plaintiff in error, in a stock-law county. The latter impounded them; but failed to estray them as required by the Political Code, § 1775. On the fifth day, a brother of the plaintiff, who himself had wrongfully obtained possession of the hogs prior to the time they escaped into the defendant's crop, made an arrangement with the defendant whereby the latter was to retain the hogs till he should pay him the damages. The plaintiff, finding the hogs thus in the possession of the defendant, brought possessory warrant and secured a favorable judgment. The defendant took certiorari, which, on hearing in the superior court, was overruled; and he now brings error.

The possession of the defendant was originally lawfully acquired, and for three days was lawfully retained. After the third day it became unlawful and criminal. Political Code, § 1776. This raises the question whether possessory warrant lies where the defendant's possession is originally lawful but subsequently becomes unlawful. Such a case does not appear to be within the words of the statute. Civil Code, § 4799. However, in the case of *Meredith* v. *Knott,* 34 *Ga.* 222, the property came into the defendant's possession peacefully and lawfully, but afterwards "the possession was changed, and that of Meredith was wrongful, tortious, and fraudulent;" and, says the court, "in all such cases we hold that a possessory warrant is the proper remedy." In the case of *Sheriff* v. *Thompson,* 116 *Ga.* 436 (42 S. E. 738), the precise question again came before the Supreme Court, which, after citing the case of *Meredith* v. *Knott,* and after reviewing all intermediate cases apparently in conflict to that ruling, adhered to the former decision. In that case Justice Little, who, in his subsequent capacity of judge of the superior court, tried the present certiorari in the court below, dissented. We are inclined to agree with the view then entertained by him, at least to the extent of thinking that such cases are not within the letter of our statute on possessory warrants; and we unhesitatingly agree with him in his present

ruling that the decision of the Supreme Court is binding prece-
dent and controlling in this case.          *Judgment affirmed.*