## 359.  MONK v. GAY.

1. There was no error in sustaining the certiorari from the judgment of the justice of the peace awarding the possession of certain rollers to the affiant. The evidence fully showed that the possession of the mechanic was the possession of the plaintiff in the possessory warrant, and that the defendant had wrongfully and fraudulently obtained his possession of the rollers in question.
2. The judgment for costs against the·petitioner in certiorari made a final disposition of the case, and to make such final disposition was properly within the discretion of the judge of the superior court.

Certiorari, from Colquitt superior court—Judge Mitchell.
Submitted May 14, 1907.—Decided January 15, 1908.

*J. A. Wilkes,* for plaintiff in error.   *W. C. McCall,* contra.

RUSSELL, J.  The defendant in error sued out a possessory warrant against the plaintiff in error for nine rollers made of black-gum. The justice of the peace, upon the trial, awarded the possession of the black-gum rollers to the plaintiff. The defendant carried the case, by certiorari, to the superior court of Colquitt county; the certiorari was overruled, and exception is taken to the judgment overruling it. It appears, from the evidence, that Gay sawed out certain pieces of black-gum and hauled them to a mechanic named Drake, who was to make them into rollers for Gay for $1.25. Some time afterwards, Monk, being in need of such rollers, went to Drake and purchased these rollers from him without the knowledge, consent, or authority of Gay. When Gay called upon Drake for his rollers, Drake told him that he had let Monk have them. Gay thereupon went to Monk's mill and recognized the rollers in question as being the same rollers which he had seen at Drake's shop after they had been manufactured out of his black-gum.

We think the justice properly awarded the possession of the rollers in question to the defendant in error, and that the judgment overruling the certiorari is the only judgment that could properly have been rendered. The uncontradicted evidence of Gay, supported by corroborative circumstances from the testimony of Monk himself, showed that the rollers in question were made from the identical black-gum carried by Gay to Drake's shop. If the black-gum had never been manufactured into rollers, Gay

could have recovered possession on his own prior possession; and we think that the case is not altered by reason of the fact that the pieces of black-gum had been transformed into rollers with iron pins in each end; because the evidence is uncontradicted that the possession of Drake was the possession of Gay. Drake had no interest in the rollers. Gay was to pay him $1.25 for the work in turning the black-gum and putting in the pins, and he would have been entitled to retain the rollers until Gay paid him for the work; or he could, by foreclosure of his lien, have brought the rollers to sale in order to collect the amount due him for his labor in making the rollers. But unless he thus proceeded, so long as the rollers were in his possession he was merely an agent of Gay for their safe-keeping and their delivery to Gay upon his demand. His sale to Monk, upon the authority of one Jacobs, who had no authority whatsoever to act for Gay, so far as the record discloses, was tortious and fraudulent. Monk, having full knowledge of all the facts, was a party to the fraud in purchasing the rollers from Drake. The case is controlled by the decisions in *Meredith* v. *Knott, 34 Ga.* 222, *Hillyer* v. *Brogden,* 67 *Ga.* 24, *Mitchell* v. *Railway,* 111 *Ga.* 770 (36 S. E. 971, 51 L. R. A. 623), and *Sheriff* v. *Thompson,* 116 *Ga.* 436 (42 S. E. 738). That the fact that Gay had not paid Drake his $1.25 for making the rollers did not alter the case is clearly shown by the decision in *Raymond* v. *Strickland,* 124 *Ga.* 504 (52 S. E. 619, 3 L. R. A. (N. S.) 69).

The superior court did not err in rendering judgment for the costs and making a final disposition of the case. Under the provisions of the Civil Code, §4807, a judge of the superior court, in passing upon a certiorari from a decision of the justice of the peace in a possessory-warrant case, may make a final disposition of the case. *Bush* v. *Rawlins,* 80 *Ga.* 583 (5 S. E. 761).

*Judgment affirmed.*