DECIDED FEBRUARY 8, 1924.

Action for breach of contract; from city court of Cartersville— Judge Townsend. January 8, 1923.

*C. N. Featherston, C. I. Carey, F. A. Hooper & Son,* for plaintiffs.

---

14491.   CONE v. BODIFORD.

STEPHENS, J. Where, in a proceeding to recover the possession of personalty by a possessory warrant, a judgment thereon was rendered by the magistrate in favor of the plaintiff, and in a petition for certiorari, complaining of such judgment as being contrary to the evidence and without evidence to support it, the defendant excepted to the admission of certain evidence tending to prove title to the property in the plaintiff, which evidence was relevant as tending to establish a right of possession in the plaintiff and was properly admitted, and it did not appear from the record that the judge of the superior court, in sustaining the certiorari and in rendering a final judgment thereon in favor of the defendant (the plaintiff in certiorari), ruled favorably to the defendant upon this ground, the discretion of the judge of the superior court in rendering a final judgment was not abused, since the evidence adduced upon the hearing was conflicting and that introduced in behalf of the plaintiff (the defendant in error) did not preponderate in his favor. Civil Code (1910), § 5379; *Bush* v. *Rawlins,* 80 *Ga.* 583 (2) (5 S. E. 761), followed in *Sheriff* v. *Thompson,* 116 *Ga.* 436 (2) (42 S. E. 738); *Susong* v. *McKenna,* 121 *Ga.* 97 (48 S. E. 695).

<em>Judgment affirmed. Jenkins, P. J., and Bell, J., concur.</em>

DECIDED FEBRUARY 8, 1924.

Certiorari; from Grady superior court—Judge Custer. March 9, 1923.

*Jeff. A. Pope,* for plaintiff.

*M. L. Ledford,* for defendant.