19203.   WHITWORTH *v.* CARTER.

DECIDED APRIL 12, 1929.

*N. L. Hutchins, M. D. Irwin,* for plaintiff.

*O. A. Nix,* for defendant.

BELL, J. R. A. Whitworth sued out a possessory warrant

against Mrs. Lillie Carter to recover possession of a bale of cotton. The affidavit to obtain the warrant followed the language of section 5371 of the Civil Code (1910), which section contains the general provisions of law as to the grounds upon which a possessory warrant may issue. Upon the trial before the magistrate it appeared that the cotton was produced upon lands. of the plaintiff and had been taken and carried away by the defendant.

The plaintiff contended and testified that he had employed the defendant's husband, Sam Carter, as a general farm laborer for a part of his time, and in addition thereto had contracted with him as a share-cropper to work the small tract upon which the cotton was produced; that the crops had not been divided and that he had not been fully paid for all advances made by him to aid in making the crop. The plaintiff's testimony authorized the inference that as to the particular land and the products thereof the relation between the plaintiff and the defendant's husband was that of landlord and cropper.

The defendant and her husband, Sam Carter, both testified that the use of the land was granted to the defendant, Carter's wife, as a part of the contract of hiring between Carter and the plaintiff, and that under the terms of the agreement no part of the crops should belong to the plaintiff, but they should be the property of the defendant.

The magistrate sustained the warrant and ordered that possession of the cotton be surrendered to the plaintiff. The defendant carried the case by certiorari to the superior court, where the certiorari was sustained and a final judgment rendered in favor of the defendant. The judgment of the superior court affirmatively shows that the judge rendering it exercised no discretion upon the conflicting testimony, but held that, assuming the evidence of the plaintiff to be true, trover and not possessory warrant was his remedy. The plaintiff excepted to this judgment, and brought the case to this court.

■ Granting that the plaintiff's testimony was true, and therefore that the relation between him and the defendant's husband was that of landlord and cropper, was possessory warrant an available remedy, the cotton having been taken and carried away, not by the cropper himself but by his wife, who was not a party to the contract?

The Code provides that "Whenever the relation of landlord and cropper exists, the title to and right to control and possess the crops grown and raised upon the lands of the landlord by the cropper shall be vested in the landlord until he has received his part of the crops so raised, and is fully paid for all advances made to the cropper in the year said crops were raised to aid in making said crops" (Civil Code of 1910, § 3705) ; and also that "In all cases where a cropper shall unlawfully sell or otherwise dispose of any part of a crop, or where the cropper seeks to take possession of such crops, or to exclude the landlord from the possession of said crops, while the title thereto remains in the landlord, the landlord shall have the right to repossess said crops by possessory warrant, or by any other process of law by which the owner of property can recover it under the laws of this State" (Civil Code of 1910, § 3706).

Notwithstanding these provisions, the defendant in error contends that before a landlord can proceed by possessory warrant to recover the possession of the crops from a third person he must show that the property had previously been in his possession (*Cobb* v. *Megrath*, 36 *Ga.* 625; *Allen* v. *Smith*, 45 *Ga.* 84), and that in such a case the landlord does not show such possession merely by proof that the crops were produced by a share-cropper, although the statute allows such a remedy as against the cropper himself in certain circumstances. It is insisted that under the relation of landlord and cropper, without more, the landlord is not in actual possession of the crops, but merely has a right of possession; and that this is not enough to authorize the issuance of a possessory warrant against one other than the cropper himself.

This does not in our opinion represent a proper construction of the Code provisions quoted above. Section 3705 provides that the title to and the right to control and possess the crops shall be vested in the landlord, and while the "right to control and possess" might not in every case imply *possession*, we think such is the true meaning of the language here quoted.

As respects the remedies of the landlord to enforce his right in the crops, he is to all intents and purposes in actual possession. Sections 3705 and 3706 must be construed together, since they are parts of the same legislative act and stand in pari materia in the Code, and it is provided in the latter section that where the cropper seeks to take possession of the crops, or to exclude the landlord from the pos-

session thereof, while the title remains in the latter, the landlord shall have the right, not to possess the crops, but to "repossess" the same by possessory warrant. The phrase "take possession," as referring to the wrongful act of the cropper, is also significant. If the cropper were already in possession as against the landlord, it would seem inappropriate to speak of his taking possession. "To take," in a general sense, means to get or gain possession where it was theretofore held by another and not by the person acting, and we think that it was in this sense that the term was used in the statute under consideration. Civil Code (1910), § 4268 (2).

Thus, as between the landlord and the cropper, the landlord and not the cropper is the one in possession, the latter being a mere laborer whose wages are payable in a part of the crops. *Howard v. Franklin*, 32 *Ga. App.* 737 (124 S. E. 554). His possession is in right of the landlord and is to be treated as the possession of the landlord, and where a landlord is in the possession of crops by and through the cropper as his servant or agent, such possession is actual and not constructive only. *Sheriff* v. *Thompson*, 116 *Ga.* 436, 438 (42 S. E. 738).

More than this, such possession by the landlord is not a legal fiction which exists merely as between the landlord and the cropper, but is an actual condition, recognized by law, arising out of the relation of the parties and affecting all persons who might seek to interfere with the crops until the right of the landlord therein has been satisfied. Such is the import of section 3705, the provisions of which are not restricted alone to the rights and liabilities of the parties referred to therein.

"Possession of personalty by an agent is actual, not constructive, possession by the principal, and will support a possessory warrant by the latter against one who wrongfully and fraudulently takes possession thereof." *Hillyer* v. *Brogden*, 67 *Ga.* 24; *Meredith* v. *Knott*, 34 *Ga.* 222; *Wilcox* v. *Turner*, 46 *Ga.* 218; *Allen* v. *Wheeler*, 121 *Ga.* 277 (48 S. E. 923); *Monk* v. *Gay*, 3 *Ga. App.* 356 (59 S. E. 1117).

The proposition that the possession of the landlord in a case of this sort is not such possession as would support a possessory warrant, because it arises merely out of the legal definition of the relation between him and his cropper, could not be more tenable than would a contention (if made) that the possession of a principal

exercised by and through an agent would be insufficient to authorize such a proceeding, because the character of such possession is determined by legal principles contained in the law of principal and agent; and from the authorities cited it is well settled that a principal may by possessory warrant recover the possession of property wrongfully taken from the custody of his agent.

If the defendant had obtained the cotton from her husband by purchase or by any other disposition of the same by him contrary to the rights of the plaintiff as prescribed in section 3706, the plaintiff could have recovered the property by possessory warrant (compare *Wynn* v. *Harrison*, 111 *Ga.* 816, 35 S. E. 643), and she is in no better position simply because she took the cotton directly from the premises, without obtaining it through her husband, provided it be true that her husband was a share-cropper and the claims of the landlord were still subsisting. Otherwise the landlord could not have recovered the cotton by possessory warrant even as against a thief who had entered and stolen it, and it would seem that his right to employ such remedy in that case could hardly be questioned.

The defendant claimed that the property was her own, but as to this the evidence was in conflict, and, as stated above, the magistrate or the judge of the superior court could have concluded that the true relation between the plaintiff and the defendant's husband was that of landlord and cropper, and thus that the defendant's claim was unfounded. We think the evidence for the plaintiff, if true, made a case for the issuance of the warrant, under the general law relating to that subject as contained in the Civil Code, § 5371, it sufficiently appearing that the cotton while in the rightful possession of the plaintiff was taken possession of by the defendant without lawful warrant or authority.

What we have just said virtually settles a further contention of the defendant, namely, that where the plaintiff bases his claim of possession upon the fact that the property consists of crops, or a part of crops, produced by another as share-cropper, the affidavit to obtain the warrant should be drawn in accordance with the language of section 3706, and not in conformity with the provisions of section 5371. This contention is based upon the decision of the Supreme Court in *Visage* v. *Bowers*, 122 *Ga.* 760 (50 S. E. 952), where it was held that it was the evident purpose of the legis-

lature in passing the act now codified in sections 3705 and 3706 (Ga. L. 1889, p. 113), to confer upon the landlord an additional right to that previously existing under the law as expressed in section 5371 (see act of 1821, Cobb's Digest, 591). It was said in that case that where a landlord seeks to obtain a possessory warrant against his cropper, alleging that the cropper is attempting to exclude him from the possession of the crop and fails to pay for supplies and advances made to him, it is not necessary to allege or prove the existence of any one of the grounds for obtaining a possessory warrant as contained in the section last above mentioned. The effect of that decision, however, was merely to hold that it is not necessary in such a case that the affidavit be framed under section 5371, but that it may be drawn under the other section, and it was not ruled that a party may not plead under section 5371 although the case which he expects to prove arises by reason of his claim to the possession of crops by virtue of the relation between him and another as cropper.

The act of 1889 may have given a right where none existed before, but it did not necessarily prescribe a new and *exclusive* procedure for the enforcement of such right. A landlord might in some circumstances have the option of proceeding either under the old law or under the new, while in other cases the facts might not fall within the purview of section 3706 although the possession of the plaintiff arose out of the relation of landlord and cropper. Whether the plaintiff in the instant case could have proceeded under that section, he was, under his testimony, authorized to invoke the remedy as under section 5371.

■ Under the rulings made above, the court erred in holding as a matter of law that the plaintiff was not entitled to prevail in the case and in rendering final judgment in favor of the defendant. While in a case of certiorari to review a judgment in a possessory-warrant proceeding, as distinguished from other cases of certiorari (Civil Code of 1910, § 5201; *Bass* v. *Electric Storage Battery Co.,* 123 *Ga.* 640, 51 S. E. 579), the judge of the superior court has the power, even where the evidence is in conflict, to remand the case or to give such final judgment and direction therein as he may see fit (*Bush* v. *Rawlins,* 80 *Ga.* 583 (2), 5 S. E. 761; *Susong* v. *McKenna,* 121 *Ga.* 97 (2), 48 S. E. 695; *Cone* v. *Bodiford,* 31 *Ga. App.* 573, 121 S. E. 523), yet it is the contemplation

of law that in so doing he shall exercise a discretion, and where it appears that, instead of simply granting a new trial, he has, on sustaining the certiorari, rendered final judgment in favor of one of the parties and has done so upon a misconception of law and not in the exercise of the discretion vested in him, this court will reverse the judgment and remand the case for further consideration by him. *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606) ; *Rogers* v. *State,* 101 *Ga.* 561 (28 S. E. 978) ; *Walker* v. *Jones,* 1 *Ga. App.* 70, 73 (57 S. E. 903).

In the present case it appears that the learned judge in passing upon the certiorari exercised no discretion whatever upon the evidence, his judgment showing that he was of the opinion that, even if the plaintiff's testimony was true in every respect, the warrant still was not maintainable, and that for this reason the certiorari was sustained. If the judgment had gone no farther than to sustain the certiorari, it would have amounted to the first grant of a new trial and doubtless would have been affirmed notwithstanding the judge's erroneous view of the law. Civil Code of 1910, § 6204; *Carr* v. *Carr,* 157 *Ga.* 208 (121 S. E. 227) ; *Mays* v. *Mays,* 33 *Ga. App.* 335 (2) (126 S. E. 299). But the general rule as to the affirmance of the first grant of a new trial where the verdict was not demanded can have no application where the effect of the judgment complained of was not to grant a new trial but to render final judgment in favor of one of the parties upon an expressed theory not sustained by law. *Brown* v. *Todd,* 124 *Ga.* 939 (3) (53 S. E. 678).

When the case again reaches the superior court, the judge may rehear the same, and should he then determine, in the exercise of his discretion on the evidence, that the plaintiff is not entitled to recover, he still may grant the certiorari and render final judgment in favor of the defendant. We reverse the judgment solely because it contained a final adjudication against the plaintiff, without a consideration of his evidence under the proper and applicable rules of law. See, in this connection, *Woodbury* v. *Atlanta Dental Supply Co.,* 36 *Ga. App.* 548 (7) (137 S. E. 302) ; *Talley* v. *Commercial Credit Co.,* 39 *Ga. App.* 297.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*