21080. THAXTON *v.* FAIN.

DECIDED APRIL 1, 1931.

*James W. Arnold,* for plaintiff in error.

*Erwin, Erwin & Nix,* contra.

LUKE, J. Henry Thaxton presented to the judge of the superior court of Clarke county a petition for a writ of certiorari in a possessory-warrant proceeding pending before the justice's court of the 216th district, G. M., of said county, initiated by C. C. Fain. The certiorari was overruled and the judgment of the magistrate affirmed. Exceptions were taken, and error was assigned upon the grounds: "1st. That the court erred in finding that there was

evidence sufficient to support the judgment of the magistrate. 2d. That it was error for the court to sustain the magistrate in his refusal to allow C. C. Fain to testify that he had transferred all his rights and interest in the property to the Home Insurance Company prior to the commencement of the suit. 3d. That it was error for the court to sustain the magistrate in not allowing the transfer by Fain to the Home Insurance Company introduced in evidence. 4th. That it was error for the court to hold as a matter of law that the right to the possession of the property was in C. C. Fain at the time of the commencement of the suit."

The first assignment of error may be disposed of upon authority of *Bush* v. *Rawlins,* 80. *Ga.* 583, 587 (5 S. E. 761), wherein the court holds: "This section [referring to what is now section 5379 of the Civil Code of 1910] in our opinion . . leaves it in the discretion of the judge of the superior court to remand or give final judgment as he sees fit. It makes him the judge and jury to hear the facts and determine the law; and unless the evidence is strongly and decidedly against his verdict, or unless he violates the law in his judgment, we would not feel inclined to interfere." Our examination of the record convinces us that there was ample evidence to sustain the judgment of the superior court.

The second, third, and fourth assignments of error all relate to the same subject-matter. Since the question of title, in the very nature of the proceedings, was not involved, we perceive no error in the refusal to consider any evidence on that subject. The proceeding deals with the possession, and not the title. *Welborn* v. *Shirley,* 65 *Ga.* 695. The assignment to the Home Insurance Company in this case, as we interpret the instrument, did not divest the plaintiff in the proceeding of his right to maintain the action. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*