23118.   BURCH *v.* HOLLIDAY.

DECIDED JANUARY 16; 1934.

*William B. Kent,* for plaintiff.   *Lester F. Watson,* for defendant.

JENKINS, P. J.   1.   Where the provisions of sections 2032-2035, inclusive, of the Civil Code (1910), relating to the impounding of animals found going at large on the premises of any person other than their owner, have become operative by an election and compliance with the conditions in sections 2036 et seq., so that the premises are in a "stock law" county or district, a possessory warrant will not lie to recover cattle lawfully impounded under these

statutes. *Dew* v. *Smith,* 130 *Ga.* 564 (4), 569 (61 S. E. 232);
*King* v. *Ford,* 70 *Ga.* 628; *Smith* v. *Whelchel,* 11 *Ga. App.* 45 (74
S. E. 573); *Goodwill* v. *Peeples,* 2 *Ga. App.* 673 (58 S. E. 1115).
In the trial of a possessory-warrant proceeding "the sole question is
as to the manner in which the possession was acquired by the de-
fendant." *Mathewson* v. *Brigman Motors Co.,* 23 *Ga. App.* 304
(98 S. E. 98); Civil Code, § 5371.

2. "Generally, where the evidence in a magistrate's court is
conflicting, and a certiorari is sued out to the judgment rendered,
if it be sustained, the case should be remanded for a rehearing, and
a final judgment should not be rendered by the judge of the su-
perior court; but in cases of possessory warrant, the statute con-
fers upon the judge the power, upon the hearing of the certiorari,
to remand the case or give final judgment and direction therein as
he may see fit; and where, in his discretion, he renders a final
judgment, this court will not interfere therewith, unless the evi-
dence be strongly and decidedly against such judgment, or unless
he violates the law therein." *Bush* v. *Rawlins,* 80 *Ga.* 583 (2),
587 (5 S. E. 761); Civil Code, § 5379; *Susong* v. *McKenna,* 121
*Ga.* 97 (2) (48 S. E. 695); *Sheriff* v. *Thompson,* 116 *Ga.* 436 (2)
(42 S. E. 738); *Thaxton* v. *Fain,* 43 *Ga. App.* 125 (157 S. E.
886).

3. While the answer to the certiorari states that there was no
evidence that the premises where the cattle were found were in a
stock-law county, and that the defendant in the possessory-warrant
never complied with the stock-law provisions, and that the plaintiff
proved his case that the defendant was illegally holding the plain-
tiff's cows, yet it further appears, from the answer, that the evi-
dence of the defendant and his wife was "as set out [in] the peti-
tion," with certain testimony of these and other witnesses as added
in the answer. It thus appears that the defendant's wife testified
that "my field that these cows was in is in Laurens county, Geor-
gia, and a stock-law district." There was evidence that the im-
pounded cattle were eating and injuring the corn crop in the field,
and that the plaintiff immediately after their seizure had notice
of and personally saw the impounding of the cattle and the dam-
age done. The rights of the defendant were not defeated by the
other facts in evidence, stated by the magistrate, that the defend-
ant was a cropper for the plaintiff's mother, that the corn crop was

ungathered, and that hogs of the defendant had previously eaten groundpeas on the land of the plaintiff's mother equal to the amount of corn destroyed by the plaintiff's cattle. The defendant was in lawful possession of the premises and crop. No privity of relation appeared between the plaintiff and his mother. Nor did the possessory-warrant proceeding involve these extraneous matters. The superior court properly sustained the certiorari, and did not abuse its discretion in terminating by final judgment the contest between the parties.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*