Crow *vs.* Morris.

No. 39.—ASA CROW, plaintiff in error, *vs.* JNO. E. MORRIS, defendant in error.

[1.] The 'complaint', in Forcible Entry and Detainer, under the fifteenth section of the ninth division of the Penal Code, may be sworn to as well before one Justice of the Peace, of this State, as before another.

Forcible Entry and Detainer, and *certiorari* thereto, in Walker Superior Court. Tried before Judge JOHN H. LUMPKIN, December Term, 1853.

This was a *certiorari*, sued out to the proceeding before a Justices' Court, upon a warrant for forcible entry and detainer. The error complained of was, that the Justices refused to dismiss the warrant, upon the ground, that the affidavit to obtain it, was sworn to before a Justice of the Peace of *Cobb* county, and not of the county where the land was located. The presiding Judge sustained the *certiorari*, and ordered the proceedings in the Court below to be dismissed. This decision is assigned as error.

WM. MOORE, for plaintiff in error.

W. H. UNDERWOOD, for defendant in error.

*By the Court.*—BENNING, J., delivering the opinion.

[1.] The fifteenth section of the ninth division of the Penal Code, begins with these words: " any one or more Justice or Justices of the Peace, *upon complaint, made on oath*, of any forcible entry into lands or tenements, or of any forcible detainer of the same, shall have power to draw a Jury of twelve men, from the Jury-box of the district in which the lands and tenements, so alleged to be forcibly entered or detained, are situated, and cause the Sheriff of the county, or Constable of the district, to summon them to be and appear at the usual place of holding Court of the said district, for the purpose of trying the fact of such forcible entry or detainer".

Do these words require, that the contemplated complaint to be made on oath, should be made before no other Justice of the Peace, than one of the district or county in which the premises forcibly entered or detained, lie? This is the only question.

The proceeding authorized by the aforesaid section of the Code, is not a criminal, but a civil proceeding; and a civil *remedial* proceeding. It is not a summary one, for a Jury trial is part of it. It is not one which can touch title. It can only reach such possession as is recent. Its judgment is confined to the question of possession—and as to that, is not final.

This being so, there is no reason why the words of the section should receive a construction, stricter than that which other remedial Statutes receive.

The words, "upon complaint, made on oath", may, therefore, well be construed to mean, upon complaint, made on oath, before *any* one qualified to administer an oath—as, a Judge of the Superior Court—a Justice of an Inferior Court—a Justice of the Peace. The thing which the words require is, that the complaint shall be sworn to, before it shall be noticed. This thing may be as well done before one person who can adminis-

ter an oath, as before another who can. In the nature of it, there is nothing which requires that it should be done only before that Justice, or those Justices who issue the warrant, of which the complaint is the foundation.

There is no reason, then, for restricting the words within their natural meaning. They ought not, therefore, to be restricted, within it.

This mode of construction, is that which is commended by other Statutes, not dissimilar in matter, and by a wise usage in legal proceedings.

Affidavits for bail may be made "before any Judge, Justice of the Inferior Court, or Justice of the Peace, within this State, or any Judge or Justice of a Superior Court, of any one of the United States". (*Judiciary Act of* 1799, *Cobb. Dig.* 477.)

Bonds, under the Attachment Act of 1799, may be taken by one Justice of the Peace, and the warrant be issued by another. (*Id.* 70.) *Brown, Shipley & Co. vs. Clayton,* (12 *Ga. R.* 568.) The reason of this decision, equally extends to affidavits.

In legal proceedings, the usage is, for bills in Equity, answers, pleas, and so forth, in cases in which they are to be on oath, to be sworn to before *any* Justice of the Peace, or other person authorized to administer oaths.

It is highly convenient, that any Justice of the Peace, of any district, should have power to take affidavits of these kinds.

Upon the whole, we think that the 'complaint', contemplated by the fifteenth section of the ninth division of the Penal Code, may be sworn to, as well before one Justice of the Peace of this State, as before another.

And, therefore, that the decision of the Court below should be reversed.