SAMUEL MEREDITH, plaintiff in error, vs. KNOTT & HOLLINGSWORTH, defendants in error.

K. & H. bought of M, four bales of cotton and left it under shelter on the plantation of M., to be kept by him until called for, and then to deliver the same to them or order, the cotton to be at the risk of K. & H. until taken away. K. & H. called for the cotton and M. refused to deliver it or to let them have it. They sued out a possessory warrant: *Held*, there being no question or controversy as to title, that this was a proper remedy.

Possessory Warrant. Decided by Judge HARRIS. At Chambers. October 1865.

The warrant in this case was issued in Wilkinson county by Judge Harris, on an affidavit made in Bibb county before Judge Cole. For this cause, the defendant moved, at the hearing, to dismiss the warrant; which motion the presiding Judge overruled.

The affidavit alleged that fifteen bales of cotton had been forcibly and secretly taken by Samuel Meredith, of Wilkinson county, from the possession of the firm of Knott & Hollingsworth, etc.

The evidence at the hearing consisted of a receipt in writing, and the testimony of one witness—both introduced by the plaintiffs. The receipt was as follows:

"Received, Macon, Nov. 1st, 1864, of Knott & Hollingsworth $1,891.25, in full for four bales of cotton, now under shelter on my plantation. Said cotton I agree to keep under shelter until called for, and further agree to deliver said cotton to them, or their order, in Macon, or at any station nearest me on the railroad. Said cotton at their risk until taken away.                           SAMUEL MEREDITH."

The defendent objected to the admission of this receipt in evidence, urging that it went to the question of title, and to that of the right of possession; that it showed defendant to be only a bailee or warehouseman of the plaintiffs; that it showed that the actual possession never had passed under it; and that it proved simply an agency. He contended that a principal could not, in this summary manner, dispossess his agent; but the Court overruled all his objections, and admitted the receipt.

The testimony of the witness was, that, as agent for the plaintiffs, he made a demand upon the defendant, in September, 1865, prior to the date of the warrant, for fifteen bales of cotton, as the property of the plaintiffs, and which were in their possession on the defendant's plantation; that the defendant refused to deliver, giving as a reason that he had received payment in Confederate money, part of which he had used, and part lost: and that he referred witness to Eli Cumming, Esq., his attorney at law, as authorized to settle for him all matters in dispute.

What was said of the reception and loss of Confederate money, the defendant objected to as evidence, on the ground of irrelevancy. The Court overruled this objection also.

Upon these facts, the presiding Judge awarded to the

plaintiffs the possession of the four bales of cotton mentioned in the receipt, and dismissed the warrant, without prejudice to a future proceeding, as to the other eleven bales.

The exceptions brought here are, that the judgment is contrary to law and the evidence, and that the Judge erred:

1. In refusing to dismiss the warrant.

2. In admitting the receipt.

3. In not excluding the evidence about Confederate money.

4. In sustaining the warrant in part and dismissing it in part.

5. In holding that a receipt for money, and a promise to deliver at the call of the purchaser, amounted to actual delivery.

The case was submitted on the brief of Counsel.

E. CUMMING, for plaintiff in error.

DeGRAFFENREID, for defendants.

LYON, J.

There was no error in the refusal of the Court to dismiss the warrant on the ground that it was not issued by the Judge before whom the affidavit was made.

The Judge issuing the warrant, could not have done so without an affidavit; and as that affidavit was made before a Judge having the same power to administer the affidavit as himself, it was as binding on the party making it, and as effectual as an authority to the Judge to issue the warrant, as if made before himself.—*Crow vs. Morris*, 15 *Ga.*, 303.

When the real and important question made by this record, and that is, whether prepossessory warrant was a proper proceeding for the recovery of the possession of property in a case like this, was presented to the Court, the question was distinctly put by the Court to the counsel, whether there was any question as to the title to the property, involved in the proceeding; and it was as distinctly stated by counsel for

both parties, that there was not.   The title, then, being con-- ceded to be in the plaintiffs in the warrant, the only question before the Court was, whether the possession, under the circumstances, could be settled by possessory warrant, or rather, whether a possessory warrant was a proper and sufficient remedy?   We are clear that it is.   After the plaintiffs had purchased the cotton and deposited it with the defendant, his possession was that of the plaintiffs'.   They had a right to go and take it whenever they chose; but when this was denied, and the defendant refused to let them have it, the possession was changed, and that of Meredith was wrongful, tortious, and fraudulent; and in all such cases, we hold that a possessory warrant is the proper remedy.