JACOB L. COBB, plaintiff in error, *vs.* MEGRATH & PATTERSON, defendants in error.

[Judge HARRIS did not preside in this case.]

To entitle a party to recover the possession of personal property by possessory warrant, he must show that the property had previously been in his possession.

Possessory Warrant.    *Certiorari* from County-Court. Decided by Judge CLARKE.    Randolph County.    November, 1867.

The bill of exceptions and evidence therein, (there is no record) makes the following case:

Cobb sued out a possessory warrant against Megrath & Patterson, before the Judge of the County-Court, for a bale of cotton.

On the trial, R. R. Swepson (plaintiff's agent, who had taken the warrant as such) testified, that he held claims for said firm, against J. L. Varner, and that he went to Varner's plantation on the 28th October, and Varner turned over to him, as part payment of said claims, a bale of cotton, which was the only one then packed at the gin, and agreed to send it to Cuthbert, to the stable yard of C. A. Boynton, that Varner sent it, and when it came to Boynton's lot, Swepson told the driver of the vehicle that he could take the cotton next morning and put it away, and that before he went to the stable next morning, some one had removed the cotton.

BOYNTON testified : that on the 28th October, said Varner told him that he had turned over to Swepson, on said claim, a bale of cotton, and on that night Varner sent a bale of cotton to his (Boynton's) lot, and when he (Boynton) went to the stable next morning, between sunrise and daylight, the cotton was gone.

The defendant offered in evidence, the following note:

" OCTOBER 22, 1867.—R. H. BAKER & Co.—*Gentlemen :* Please send me by the bearer, 200 lbs. of side bacon. I will bring up a bale of cotton to you on Friday evening, or early

Saturday morning. My hands are entirely out of bacon, so I must have some. I would come up for it myself, but for attending to the ginning of the cotton for you.

Respectfully,

J. L. VARNER."

It was ruled out by the Court.

JACOB L. COBB (of the firm of R. H. Baker & Co.) was then introduced and testified: that Varner was to let him have a bale of cotton for provisions, on Friday or Saturday last, that Varner told him the cotton was ginned and ready, and would be sent up on Saturday, and Varner waited at his (Cobb's) store that night till nine o'clock, waiting the arrival of the cotton, and that on the morning of the 29th October, Varner came to his store with the wagon, and delivered the cotton, saying he had brought that bale of cotton, and that he had no knowledge of plaintiff's claim or any dispute about. the cotton, till after it was in his possession. He would not swear that this was the bale of cotton which Varner had had promised to his firm.

JEFF SNELL (negro) testified: that he was employed by Varner, came after and carried home the bacon, on next day took the cotton, by Varner's order, to the gin to be ginned to pay for the bacon, and on Friday he went for the cotton to take it to town, to Cobb, on Saturday; that when J. L. Varner left home, he ordered him to take the cotton to Cobb, and that he was prevented from doing so by C. L. Varner's ordering him to haul sugar-cane; that when he left home on Monday (28th) with the cotton, J. L. Varner ordered him to drive to Boynton's stable yard and camp, and keep the cotton until next morning, and then carry it to Cobb, and this he did, J. L. Varner being with him, at Cobb's store, when he delivered it there, and that this was the bale ginned for Cobb.

It was conceded that this was the same cotton about which Swepson testified as having been at the gin and at the stable.

The Judge of the County-Court ordered the cotton delivered to Megrath & Patterson.

Cobb, by *certiorari*, took the cause before Judge CLARKE, alleging that the Judge of the County-Court had erred in

Cobb *vs.* Megrath & Patterson.

rejecting said note as evidence, and in delivering the cotton to Megrath & Patterson.

Judge CLARKE affirmed the judgment of the Judge of the County-Court, and this is assigned as error.

H. FIELDER, for plaintiff in error.

WEST HARRIS, by A. HOOD, for defendant in error.

WALKER, J.

The bale of cotton in controversy, was raised by, and was in the possession of J. L. Varner, and the weight of the evidence shows that he retained possession of it until he delivered it to Cobb. It is true that Swepson, the agent of Megrath & Patterson, says that Varner "turned over" to him the bale of cotton in part payment of a claim, "and further agreed to send said bale of cotton to Cuthbert to the stable yard of C. A. Boynton." This shows that the possession of the cotton remained with Varner, and by his order the negro delivered it to Cobb. The question of title cannot be tried in this way. Possessory warrant lies only where the party complaining has been in possession of the property in controversy, and it "has been taken, enticed, or carried away, either by fraud, violence, seduction, or other means, *from the possession* of the party complaining, or that such personal chattel, having recently been in the quiet, peaceable and legally acquired possession of such complaining party, has disappeared without his consent, and, as he believes, has been received, or taken possession of by the party complained against," &c.   Rev. Code, Sec. 3956. Unless the party has been in possession of the property, he cannot maintain this sort of proceeding.   It was insisted that the case of Meredith vs. Knott & Hollingsworth, 34 Ga. Rep. 222, had established a different rule.   We do not think so. In that case the defendant acknowledged that plaintiffs were in possession of the four bales of cotton in controversy.   In delivering the opinion of the Court in that case, the Judge says: "After the plaintiffs had purchased the cotton and *deposited it with the defendant, his possession was that of the*

*plaintiffs.* They had a right to go and take it whenever they chose; but when this was denied, and the defendant refused to let them have it, the *possession was changed,* and that of Meredith was wrongful, tortious and fraudulent." Page 225. Judge LUMPKIN did not preside in this case—one of the parties being a relative. The Court there hold that the party complaining must have been deprived of the possession of the property, or he cannot maintain a possessory warrant. I think myself that the case cited went to the very utmost limit of the law touching possessory warrants. If it meant to decide that a constructive possession in the plaintiff will enable him to maintain this proceeding, it may be very seriously doubted whether it did not go beyond the bounds prescribed by the statute. But as both sides admitted in open Court that there was no dispute about the title, the Court held that the possession of the defendant was the possession of the plaintiffs, and his refusal to deliver *changed* that possession into himself, and made him liable in this form of action. Perhaps under the *admitted facts* of that case, the decision was right, but it should not be quoted as a precedent to authorize the right of property to be tried on a proceeding of this character, nor to authorize a party who has never been in possession, to acquire possession by this means.

The evidence in this case having failed to show that the plaintiffs had been in the possession of the cotton in dispute, the possessory warrant should have been dismissed.

Judgment reversed.