NEAL McMULLIN *et al.*, plaintiffs in error *vs.* PAL ERWIN, defendant in error.

1. In order for the defendant in ejectment to rely on a deed as color, in establishing title by prescription, it is not necessary for him to show affirmatively that the person who made the deed had either title or possession. It is enough that nothing appears indicative of fraud.

2. Prescription runs in favor of one who has color of title and possession under it, whether he holds the possession in person or by a tenant.

3. The verdict is not contrary to law or to evidence.

Ejectment. Title. Prescription. Deeds. Before Judge RICE. White Superior Court. October Term, 1876.

Neal McMullin and Thomas P. Neal brought ejectment against Pal Erwin, to recover a certain tract of land in White county.

Defendant, besides the general issue, pleaded title by prescription.

On the trial, plaintiffs introduced the following evidence :

(1.) A copy grant from the state to Neal McMullin for

the land in dispute, dated December 3d, 1829—the absence of the original grant was duly accounted for.

(2.) Evidence of Thomas P. Neal, who testified, in brief, as follows: The lot in dispute is in White county; went to see it on August 12th, 1874; Hezekiah Erwin, defendant's father, was then in possession. Witness showed said Erwin his title to the land. The latter said that his own title was of no account; that he would buy the land, and give witness more for it than any one else. Witness notified him not to cut timber, or commit other trespasses, on the property. He replied that he had a plenty of land of his own on which to cut timber.

(3.) Evidence of F. A. Furgerson, who testified, in brief, as follows: Heard part of the conversation between Neal and Erwin; corroborates evidence of Neal as to notice to Erwin not to commit trespasses, and the reply of the latter.

Defendant introduced the following evidence:

(1.) A warranty deed from one Granville Gay to H. C. Hill for the lot in dispute, dated January 7th, 1867.

(2.) A warranty deed to the lot from H. C. Hill to Hezekiah Erwin, dated August 7th, 1871.

(3.) A warranty deed to the lot from Hezekiah Erwin to defendant, dated 7th December, 1874.

(4.) Evidence of Hezekiah Erwin, who testified, in brief, as follows: Hill went into possession of land when he took the deed from Gay; he cleared and cultivated a portion of it, and built a house thereon; he continued to hold and cultivate the land until he sold it to witness; the latter then placed a tenant in possession, who so continued until the sale to defendant, who then went into possession; witness testified to a consideration for the deeds from Hill to him, and from witness to defendant; denies having said he had no title to the place. In 1874, Neal came to witness and said that he owned one-half of the land; witness proposed to refer their titles to some person competent to decide which was the better; did not offer to buy the lot from

Neal; Neal tendered to witness a paper, saying that it was a notice not to commit trespass on the land; the latter refused to take it, and it fell to the ground, where he left it.

(5.) The evidence of Miles S. Hill and of defendant, which was, in brief, as follows: Corroborate evidence of Erwin, except as to conversation between him and Neal. Gay claimed the land in dispute; never knew of his going into possession; Hill was the first person, of whom witnesses knew, who lived on the place; he built a house on it in 1867.

The jury found for the defendant. Plaintiffs moved for a new trial, on the following, among other, grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court failed to charge the jury, that if it had not been shown that Gay had either title or possession, and the jury did not believe that he had either, then he could convey nothing to defendant, or those under whom he claimed; that such a title would be founded in fraud, and could not be the basis of a good prescriptive title.

The motion was overruled, and plaintiffs excepted.

Wier Boyd; Underwood & Kinnsey; M. G. Boyd, for plaintiffs in error.

C. H. Sutton; W. R. Williams, for defendant.

Bleckley, Judge.

1. If a man takes a color of title, whether bond or deed, from one whom he knows has no right to make it, he cannot use it as the basis of prescription, for to do so would be a fraud on the true owner. To deprive the owner of his property by such means would be to steal it. The law has better morality than to sanction that sort of a transaction. But all the turpitude of such a case lies in the mind. With knowledge, or even with well-founded belief, the intention is corrupt—the motive is impure, the man is bad, and his

act is bad. Without such knowledge or belief, however, there is no moral wrong at the beginning, and the law leaves it to the conscience of the individual whether, after the statutory period has run out, he will yield to the former owner or not. One may take a deed in good faith, and, in good faith, claim and occupy under it, though the maker of the deed was out of possession, and though he may never have had title. From neither of these facts, standing alone, nor from both of them together, does the law presume fraud in the purchaser. The question is, did he know or believe that his vendor did not have title or the right to convey. Generally, the presumption is in favor of good faith, and it is enough that indications of fraud are absent. The burden of proving fraud is on him who asserts it.

2. The possession need not be held, in person, by him who has color of title. He may hold by a tenant. The tenant's possession is that of his landlord; and the landlord is the true possessor, within the meaning of section 2679 of the Code. If the tenant also has color of title, no prescription runs in *his* favor so long as he is tenant and claims, not for himself, but for his landlord. The title that grows up, under such circumstances, is in and for the latter.

3. We see no want of law or evidence to uphold the verdict.

Judgment affirmed.