## HILLYER *vs.* BROGDEN.

1. Possession of personalty by an agent is actual, not constructive, possession by the principal, and will support a possessory warrant by the latter against one who wrongfully and fraudulently takes possession thereof.
2. When, under a possessory warrant, a justice of the peace awards the possession of personalty to the plaintiff, he should require a bond for its forthcoming to answer any suit or judgment on behalf of the other party, as provided by §4035 of the Code. A failure to require such bond will work a reversal of the judgment.

Principal and Agent.    Possessory Warrants.    Before Judge FLEMING. · Chatham Superior Court. December Term, 1880.

Mrs. Brogden, by her agent, William F. Brogden, sued out a possessory warrant against C. V. Hillyer before a justice of the peace to recover a certain United States treasury draft drawn in her favor.

At the trial the evidence for the plaintiff was, in brief, as follows : Mrs. Brogden had a claim against the United States government for property taken by the federal army. She presented her claim before Virgil Hillyer, a claim commissioner.  She never had any contract with C. V. Hillyer.  The draft in payment of the claim was sent to Todd for Mrs. Brogden.  Todd delivered it to C. V. Hillyer, who claimed pay for his alleged services, and, upon her re-

fusal to accept fifty per cent. of the draft, he declined to deliver it to her.

Todd was not employed by Mrs. Brogden to represent her, but had agreed to allow C. V. Hillyer to file claims in his name, as C. V. Hillyer could not file them in his own, on account of his being a clerk in the claim commissioner's office. Papers in relation to these claims, when sent to Todd, were forwarded by him to C. V. Hillyer; among them was this draft payable to Mrs. Brogden's order.

The evidence for the defendant was, in brief, as follows: Up to the time of the surrender of the draft to the officer, no one had possession of it except C. V. Hillyer and his representatives. C. V. Hillyer had a verbal contract with Mrs. Brogden to collect this claim, had incurred expense in collecting it, and claimed a lien thereon for his fee and expenses. C. V. Hillyer appointed Todd to represent him in Savannah on account of his removal to Fernandina, Florida, and thus insure all parties against any injuries which might arise from his absence.

The draft was not sent to Todd for Mrs. Brogden; her name did not appear on the envelope at all, but the letter of transmittal in which it was enclosed, as well as the envelope, was directed to the "Attorney of Record."

The justice of the peace awarded possession of the draft to Mrs. Brogden, but required no bond of her. Hillyer carried the case to the superior court by *certiorari*. The court affirmed the judgment of the justice, holding that the possession of Todd was the possession of his principal, and that Mrs. Brogden was his principal, and not C. V. Hillyer, who, being disqualified from representing claimants in person in the court, was also disqualified from representing them by agent.

To this judgment of the court Hillyer excepted, and assigned the same as error.

GARRARD & MELDRIM, for plaintiff in error.

LESTER & RAVENEL, for defendant.

JACKSON, Chief Justice.

The superior court on *certiorari* affirmed the judgment of the justice of the peace, awarding to the plaintiff below a draft which the defendant had in possession, and error is assigned here on that judgment.

1. The proceeding had was a possessory warrant, and the point on which the plaintiff in error mainly relies is, that defendant in error never had such possession of the draft as to authorize this remedy.

There can be no doubt that prior possession in the plaintiff in such a proceeding must appear; because the statute so, in effect, declares, and the decisions of this court construing it are equally explicit. Code, §4032, and supreme court decisions *passim*.

Do the facts then show that Mrs. Brogden was in possession of the draft in question before it got into the possession of Hillyer? The draft is for property of hers destroyed by the federal army, payment of which was allowed by the court of claims at Washington; it was payable alone to her; it was sent by mail to one Todd, who had acted as her agent at Washington, representing himself as such, and to whom, in the character he assumed of being her agent, it was sent by mail by the proper officer of government for her. It could be of no use to anybody but her without her indorsement, and it was sent to Todd as her agent. Under these facts, we hold that his possession was hers. He, as her agent, could, by possessory warrant, have recovered its possession from any person who wrongfully held it, and of course she could, as his principal.

This court has held that notice to an agent in matters connected with his agency, and within its scope, is *actual*, not bare constructive, notice to the principal. 64 *Ga.*, 706. It has also held that possession by a tenant or agent is such actual possession by the landlord or principal as

will support a prescriptive title to land. 30 *Ga.*, 971. If this be so, is the possession of the agent merely constructive possession of the principal, or is it not rather the actual possession of the principal in the eye of the law? We think so. Code, §§2200–2210. At least, it is more than bare constructive possession, and takes this case without those decisions of this court which hold, or intimate strongly, that mere constructive possession will not authorize this remedy. 34 *Ga.*, 222.

This draft, therefore, is in the possession of Mrs. Brogden, practically and virtually, and she demanded it from this agent of hers, who had no right on earth to withhold it from her, because his possession was hers, and the moment she asked for it he should have given it up to her. But, instead of doing so, he turned it over to the possession of Hillyer, who, according to her theory of the case, supported by her evidence, was an entire stranger to her, without any contract or privity of any sort between him and her. The justice of the peace and the judge of the superior court had the legal right to believe her side of the controversy as the truth, and this court will not control their judgment on such controverted facts. It must then, be assumed that Hillyer got the possession of this woman's draft sent to her from Washington to pay for her property, wrongfully and without shadow of claim or title thereto or rightful lien of any sort thereon. If he had imposed on Todd, and represented to him that he had served her under contract with her, and that he was entitled to the draft to secure his and fees under the contract, and Todd, learning these facts, had proceeded to dispossess him, could he not have done so? Clearly, we think. If, then, he who got her draft as her agent, and so held it, could have used this remedy, why cannot she for whom he received and held the paper? Let it be noted that, to hold the judgment of the court below erroneous, it must be so held, conceding the testimony of Mrs. Brogden to be true; for the justice of the peace, and the judge of the superior

v 67—3

court after him, had the right to believe her rather than Hillyer; and if she was believed, then Hillyer imposed upon Todd when he asserted any claim of any sort or lien of any kind on her draft, and thus obtained it wrongfully and fraudulently—for she swore that she made no contract, directly or indirectly, with him; and he, therefore, could have had no claim on her—certainly no lien on her draft.

The possession being in her to such extent, beyond *mere* constructive possession, as to entitle her to use this remedy to recover the possession of her draft, and, according to her version of the controversy, it being unlawfully and wrongfully taken from that possession by Hillyer, it is clear that Mrs. Brogden had the right to recover that possession in this action.

2. But when the draft was turned over to her by the justice of the peace, no bond was required of her as expressly enacted by statute. Code, §4035. This requisition is of the essence of the act, because if she failed to give it, then it was the duty of the justice of the peace to turn the draft over to Hillyer, if he would give the recognizance.

Moreover, it is a condition *precedent* to its delivery to the plaintiff—58 *Ga.,* 235; and neither the magistrate nor the judge of the superior court could remand the draft to the plaintiff unless the bond was given. (Same case.). And such is the statute itself. Code, §4035.

The *certiorari* should have been sustained, therefore, on the sole ground that Mrs. Brogden was not required to give a recognizance, with good and sufficient security, in double the amount of the draft, conditioned to have it forthcoming to answer any suit brought by Hillyer in relation to any lien or claim upon it within four years thereafter; and the case is remanded with directions that the superior court modify its judgment accordingly.

Cited for plaintiff in error: Code §§4032, 4035; 36 *Ga.,* 625; 22 *Ib.,* 323; 63 *Ib.,* 745; 34 *Ib.,* 382; 58 *Ib.,* 235;

Story on Bailments, §§52, 140, 193; Code, §§2103–2104, 2109.

For defendant: 34 *Ga.*, 222–225; 30 *Ib.*, 450; 46 *Ib.*, 320; 48 *Ib.*, 39; 49 *Ib.*, 596; 57 *Ib.*, 50.

Judgment reversed, with directions.