*Anderson, Cann & Cann,* for defendant.

---

6450. TISON *v.* FERGUSON.

The judge of the superior court did not err in overruling the certiorari.

DECIDED FEBRUARY 18, 1916.

Certiorari; from Sumter superior court—Judge Littlejohn. February 22, 1915.

*T. O. Marshall,* for plaintiff in error.

*Shipp & Sheppard,* contra.

RUSSELL, C. J. The controversy arose over the possession of a mule. Ferguson sued out a possessory warrant to recover the mule from Della Tison. The issue was tried before the judge of the city court of Americus, who awarded the possession of the mule to Ferguson. The defendant then sued out a writ of certiorari to the superior court. Upon the coming in of the answer of the judge of the city court the judge of the superior court overruled the certiorari; and exception is taken to this judgment.

The evidence disclosed that Ed Tison, a renter on the plantation of Ferguson, purchased a mule from the DeSoto Banking Company, giving a note therefor with Ferguson as security for its payment. Tison paid a part of the purchase-price of the mule, but was unable to pay the remainder. It was then agreed that Tison would deliver the mule to Ferguson, who was to pay and did pay the remainder of the purchase-price to the DeSoto Banking Company. Ferguson paid also $47.50 to Tison for his equity in the mule. And as he did not at that time need the mule, he left it with Tison, who was to keep it until he should call for it. Tison died while still in possession of the mule, and Della Tison, his widow, took possession of it and refused to surrender it to Ferguson.

We are of the opinion that the case is controlled by the decisions of the Supreme Court in *Meredith* v. *Knott & Hollingsworth*, 34 *Ga.* 222, *Sheriff* v. *Thompson*, 116 *Ga.* 436 (42 S. E. 738), and *Allen* v. *Wheeler*, 121 *Ga.* 277 (48 S. E. 923). In each of these cases it was held that where a person left property with one who was to keep it as his agent until called for, possessory warrant was a proper remedy for the recovery of the property, if the person so receiving it refused to deliver it up upon demand. There is no question, then, that the plaintiff would have had the right to maintain an action on a possessory warrant as against Ed Tison had he lived and remained in possession of the mule. The present defendant based her sole right to possession of the mule upon the possession of her deceased husband. There was no administration upon the estate, so far as the record shows. She did not claim title to the mule, nor was there any controversy as to the title. She had no better title or right of possession than her deceased husband. Treating Ed Tison as the agent of Ferguson, as he undoubtedly was under the evidence in this case, Tison's widow had

no more right to take possession of or to retain possession of the property of Ferguson than any other person would have. She was not entitled to possession, and, having taken the property from the person in whose quiet, peaceable, and legally acquired possession it last was (treating Ed Tison as Ferguson's agent), Ferguson was entitled to recover the property by possessory warrant.

. There was no error in overruling the certiorari.

*Judgment affirmed.*