### 23573. Headrick Brothers v. Wheat.

Broyles, C. J. 1. From the facts of the case, including the note of the judge, it does not appear that he erred in overruling the exceptions to the answer of the trial magistrate.

2. In view of the facts set forth in the answer of the trial magistrate, the judge of the superior court did not err in overruling the certiorari. As to the several contentions of the plaintiff in error, see *Elrod* v. *Edwards,* 41 *Ga. App.* 490 (153 S. E. 785); *Tison* v. *Ferguson,* 17 *Ga. App.* 659 (87 S. E. 1089); *Meredith* v. *Knott,* 34 *Ga.* 222; *West* v. *Williams,* 84 *Ga.* 665 (11 S. E. 505); *Hillyer* v. *Brogden,* 67 *Ga.* 24; *Davis* v. *Rhodes,* 112 *Ga.* 106 (5) (37 S. E. 169).

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided April 6, 1934. Rehearing denied May 23, 1934.

William E. & W. Gordon Mann, for plaintiffs in error.
R. Carter Pittman, H. H. Anderson, contra.

ON MOTION FOR REHEARING.

Broyles, C. J. 1. In this case the property in question was sold at public outcry to the defendant in error; and, under an agreement between him and the plaintiffs in error, the property was to remain for ten days in the possession of the latter, and if not then redeemed by the plaintiffs in error it was to be turned over to the defendant in error and resold at public outcry. At the expiration of the ten days, the property not having been redeemed, the defendant in error demanded it of the plaintiffs in error and the demand was refused. It is obvious that the plaintiffs in error had possession of the property as the agents of the defendant in error, and therefore that a possessory warrant was the proper remedy for

its recovery. *Meredith* v. *Knott*, 34 *Ga.* 222; *Tison* v. *Ferguson*, 17 *Ga. App.* 659 (supra). If there be any conflict between this ruling and the decisions in *Owens* v. *Outlaw*, 105 *Ga.* 477 (30 S. E. 427), and *Brown* v. *Todd*, 124 *Ga.* 939 (53 S. E. 678), cited by counsel for the plaintiffs in error, the older adjudication of the Supreme Court in *Meredith* v. *Knott*, supra, is controlling in this case.

2. "When, under a possessory warrant, a justice of the peace awards the possession of personalty to the plaintiff, he should require a bond for its forthcoming to answer any suit or judgment on behalf of the other party, as provided by § 4035 of the Code [1910, § 5374]. A failure to require such bond will work a reversal of the judgment." *Hillyer* v. *Brogden*, 67 *Ga.* 24 (2). While the written judgment of the magistrate in the instant case did not require such a bond, in his answer to the petition for certiorari he made the following allegations: "Counsel for Headrick Brothers [the plaintiffs in error] was present when the order was drawn, and I examined the same before it was signed by me and [he] made no objection to its form. It was stated by me that Mr. Wheat [the defendant in error] would have to give a bond, and a bond was produced at the termination of the trial signed by J. C. Wheat, with security, was approved by the sheriff of Murray county and turned over to the sheriff of Murray county. Such bond was a good and solvent bond and conformed to the law." The petition for certiorari raises no question as to the sufficiency of the bond or its proper custodian, but assigns error on the failure to require *any* bond. Under the foregoing allegations of the answer of the magistrate it clearly appears that that assignment of error is without merit. The motion for a rehearing is

*Denied. MacIntyre and Guerry, JJ., concur.*