CLIETT *v.* METROPOLITAN LIFE INSURANCE CO. *et al.*

No. 14331.   JANUARY 13, 1943.

260

*R. L. Maynard,* for plaintiff.

*Dykes, Bowers & Dykes* and *Fort & Fort,* for defendants.

JENKINS, Justice. 1. Although an award under an actual submission to arbitration of a question of title to real estate does not strictly operate as a conveyance, yet where the title has been adjudicated by such an award, the award is available as a basis of title to the party suing in ejectment or as a defense. 6 C. J. S. 244, § 100; 3 Am. Jur. 955, 956, § 132, and cit.

2. Without a valid submission agreement, there can be no valid arbitration or award. 3 Am. Jur. 844, § 16, and cit. In an agreement for a common-law arbitration, such as is recognized in this State (Code, § 7-101 et seq.), the ordinary elements of a valid contract must appear, including an agreement to arbitrate some specific thing, and an agreement to abide by the award, either in express language or with implied consent to do so, as where the dispute is submitted to an arbitrator for final determination and he makes an award accordingly. 3 Am. Jur. 843, 853, §§ 14, 25; 6 C. J. S. 160, 163, §§ 14, 20; and cit. Under these rules, there was neither an express nor an implied agreement to arbitrate and settle by an award the disputed ownership of the nine acres involved in this ejectment suit. Both the admitted evidence, and

the evidence to the exclusion of which the plaintiff in the suit excepted after the direction of a verdict against him, demanded a finding for the defendant on that question; since all of this evidence went no further than to show an agreement to employ a surveyor to mark the original boundary line along a road as it originally existed, and to divide the expense of this survey; and to show that this surveyor, after going on the land, found no indications on the ground as to where the line should be, but made a plat, in evidence, showing different locations of the line and road as respectively contended by the parties; and made a report to the parties, as he also testified, giving an opinion favorable to the plaintiff, but this opinion was based, as he stated, on contradictory or ambiguous language in deeds, and was contrary to indications in the old original plat, in evidence, as to the location of the boundary line and original road prior to such deeds.

(a) Furthermore, the surveyor himself testified that his plat and report were "prepared in the nature of information for [the parties] to determine what they would do;" that he did not "set up *any definite conclusions* . . as to what I consider the line, that was not my province;" and that the matter could not have been settled without a submission to the New York office of the defendant for its approval.

(b) Nor was there any evidence, admitted or excluded, showing, as contended by the plaintiff, any accord and satisfaction pursuant to the report of the surveyor, or any estoppel against the defendant. Its mere statement, in a letter to plaintiff's attorney, that it did not then "believe" the tract in question to be included in its security deed, would in no event operate as a disclaimer of title, such as would thereafter preclude the defendant from claiming title by deed or by actual adverse possession, if the requisites of such possession existed; especially where the defendant's expression of opinion was coupled with statements in the same letter that it was impossible to give further information until it heard from its agent in charge of the property, and that it would write to the attorney "again as soon as we have a report on the facts in this case" from such agent; and where, after receiving a report from its agent, the defendant wrote to the attorney, denying any encroachment on land of the plaintiff, and setting up its own possession of the disputed tract over many years by the farming of its tenant.

3. As to title under the respective deeds held by the parties, both claimed under a previous common grantor. Under general language in the instruments, the controlling question on this phase of the case was whether a road, which plaintiff's deeds described as intersecting another described road, and which formed the boundary of the land included in those deeds, was at that time located at or near its present location and intersection—so as to include the disputed tract in the property conveyed to plaintiff's predecessors in title; or whether the road and boundary fixed thereby were then located farther north along an old hedge, as contended by the defendant company, so as to exclude the land in question from plaintiff's chain of title. As to this question and on this phase of the case, the directed verdict for the defendant was authorized but not demanded, since there was conflicting evidence as to the original location of the road and its intersection.

4. However, under the defendant's plea of not guilty in the ejectment suit, and its pleaded defense of title by twenty years of actual adverse possession, and under all the evidence admitted and excluded, the directed verdict for the defendant, was demanded. There was testimony from several witnesses, which was undisputed, that continuously, since 1918 or 1919 until the suit in 1941, the person from whom the defendant company acquired title by security and foreclosure deeds, and his wife, as tenant thereafter of the defendant, and their predecessors in title, were in actual adverse possession of the disputed tract, by openly cultivating it to a hedge and the alleged boundary road along this hedge; and that the owners of the adjoining property of the plaintiff, under whom he claims, never cultivated or otherwise went into possession of this tract, or claimed title thereto. There was no evidence, as contended by the plaintiff, to indicate fraud in the prescriptive claim or in any possession of the defendant's predecessors in title or of the defendant.

(a) In order to constitute the element of continuity which is essential to adverse possession as the foundation of good prescriptive title (Code, §§ 85-402, 85-406, 85-407, 85-414), it is not necessary that adverse possession be maintained for the statutory period by the same person, since continuity may just as effectively be shown by the successive bona fide possessions of several persons, provided the requisite privity exists between them, so as to permit

a tacking of their unbroken successive possessions. In order to show privity between successive occupants, all that is necessary is that one shall have received his possession from the other by some act of such other person or by operation of law. This may be accomplished by a parol agreement or understanding, under which the actual possession of the premises is delivered, as well as by a written conveyance. *Blalock* v. *Redwine,* 191 *Ga.* 169 (2, *a*) (12 S. E. 2d, 639), and cit. Such a possession by a tenant or agent, under a parol understanding with the owner, will suffice to support the owner's claim of a prescriptive title. *Hillyer* v. *Brogden,* 67 *Ga.* 24, 26; *McMullin* v. *Erwin,* 58 *Ga.* 427 (2); *Mackenzie* v. *Minis,* 132 *Ga.* 323 (4) (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723); Powell on Actions for Land, 483, § 368 (note 5). Under these rules, the defendant, in claiming twenty years actual adverse possession, was entitled to tack the possessions, not only of its predecessors in title under their deeds, and of the wife of the former owner as tenant after it obtained title from such owner by security and foreclosure deeds, but of the former owner himself, since this possession by him was held under the tenancy of the wife with permission of the defendant.

(*b*) The fact that under the husband's testimony he rented the *adjoining land* from persons under whom the plaintiff claims title, during certain years of possession of the *tract in question* by the wife as tenant of the defendant company, and possession by the husband under her with the defendant's permission, would not preclude the defendant from tacking the husband's possession by cultivation of the *tract in question,* on the ground, as contended by the plaintiff, that the husband as tenant of the adjoining owners was estopped from disputing his landlords' title (Code, § 61-107); since, under all the evidence, it clearly appears that during such period of occupancy the adjoining owners never claimed any title or right of possession of the *tract in question,* or included it in any lease to the husband; and that both the adjoining owners and the husband respected the defendant's ownership up to the hedge line, as contended by the defendant.

5. The remaining exceptions, relating to the exclusion of evidence offered by the plaintiff, show no ground for reversal, since similar testimony was admitted, and since all of such evidence would not have authorized a verdict for the plaintiff on the controlling questions. *Judgment affirmed. All the Justices concur.*