30941. LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.* *v.* McCAMY *et al.*

DECIDED SEPTEMBER 7, 1945.

*Neely, Marshall & Greene,* for plaintiffs in error.

*Arnold, Gambrell & Arnold,* contra.

FELTON, J. ■ Ground 1 of the amended motion for a new trial contends that the "following material evidence was illegally admitted by the court to the jury over the objection of movants, to wit: Plaintiffs' witness, B. W. Whiting, was propounded the following questions and made the following answers on direct examination. . . 'Q. Now, how far from the crossing of these four tracks were you at the time [you] heard the bell, when you took your foot off the accelerator and started to stop? A. I was approximately 23 feet away from the crossing. Q. Did you have time at that time, going at 20 or 25 miles per hour, to stop before you got to the crossing? A. No, sir.' Counsel for defendants objected to the testimony upon the ground that the same called for a conclusion of the witness. The court overruled the objection

and directed the examination to proceed, whereupon . . [counsel for plaintiffs] propounded the following questions to the same witness: 'Q. Did you have time to stop? A. No, sir, I did not have time to stop. Q. Did you have sufficient distance within which to stop? A. No, sir.' Counsel for the defendants made the following objection: 'I object to that for the same reason—because it is leading and suggestive and calls for a conclusion of the witness.' The court overruled the objection and permitted the testimony to remain in evidence." Whether or not it was error to admit this opinionative evidence of B. W. Whiting as to his ability to stop the automobile before reaching the crossing at which the collision occurred, we need not decide, because its admission in no way affected the substantial rights of the parties since there appears in the record other testimony to the same effect, which was admitted without objection by counsel for the plaintiffs in error, and upon which the jury could have reached the same conclusion; and, if its admission were error, the plaintiffs in error will be held, upon appeal, to have waived their right to object to its admission, by their failure to object to the following opinionative evidence to the same effect. At page 36 of the record, Whiting stated: "Going down Memorial Drive, I was running around 30 or 35 miles an hour until right before I got to the first crossing, by which I mean the side-track crossing. When I got there, I slowed down to about 25 miles an hour as I went across the spur track. I was in front of the A. & W. P. depot, and I heard a bell ringing. I started to put on brakes, and I saw that I would stop directly on the crossing, so I proceeded across, which was the only thing I could do." Again, at page 38 of the record: "I was coming down on the right-hand side of the street. I slowed down to between 20 and 25 miles an hour when I got to this point, the spur track. When I got to the center of the buildings—a signal [is] there with a bell on it—I heard the bell ring; and, when I did, I started to put on brakes, and at that time I was already on the crossing, and I looked first one way then the other to see if there was a train coming, and I did not see one, and I proceeded on across the crossing. I could recall where I was that night, from that building, and it was 23 feet from here (indicating) to the crossing." The witness Whiting, expressed his opinion of his inability to stop before reaching the crossing, at another point in the record, which need not

be quoted here, however, at length. The admission of this opinionative evidence, under the facts of the instant case, was not reversible error. See Ga. Code Ann., § 70-203, catchword "same evidence," for an overwhelming number of decisions in support of this holding.

■ In ground 2 of the amended motion for a new trial, the plaintiffs in error contend that the court erred "because the following material evidence offered by movants was illegally withheld by the court from the jury, against the demand of movants: H. N. Smith, a witness for the defendants and their engineer, was being examined on direct examination by counsel for defendants. 'Q. You saw him when you were in about 25 feet of the crossing, and he looked as if he was going to stop? A. Yes, sir. Q. And he changed his mind apparently? A. It seemed he thought he had time to beat me across the crossing; that is the way it looked.'" Assuming, for the sake of argument, that Smith's statement was admissible and was not prejudicial, in that it would tend to leave the impression that Whiting's action in proceeding across the crossing was daredevil and sportive, and that he was recklessly racing the train instead of proceeding across the crossing in an effort to protect himself from the impending collision—the exclusion of this evidence was harmless, in that there was other uncontradicted proof of the fact that Whiting had started to stop at the crossing, but had in effect changed his mind and proceeded across, which was the fact that counsel for the plaintiffs in error sought to elicit from the witness, Smith. Whiting makes this admission himself: "I was going between 20 and 25 miles an hour when I first heard the bell. I must have continued at the same speed at the time of the collision. I just taken my foot off the accelerator, but I did not put on brakes. I started to touch the brakes, and then I put it back on [the accelerator] and continued across." It was unnecessary, therefore, for counsel to prove this fact again by one of the witnesses for the defense; the plaintiffs in error had full benefit of this fact, and we are of the opinion that the plaintiffs in error were not harmed by the exclusion of this testimony. *General Chemical Co.* v. *Porter,* 68 *Ga. App.* 780 (24 S. E. 2d, 140) ; *Clielt* v. *Metropolitan Insurance Co.,* 195 *Ga.* 257 (24 S. E. 2d, 59).

■ It is the contention of ground 3 of the amended motion for a new trial that "the court erred in failing to grant a mistrial on

motion of movants on account of certain improper remarks made by one of the counsel for the plaintiffs, before the jury and in the presence of the court and the jury. Said remarks were made during the argument of opposing counsel, and said motion was made by the movants at the time the remarks complained of were made and before the verdict of the jury was rendered, and said remarks were not referable to any evidence introduced upon the trial of the case. Said remarks were as follows: 'I call your attention, gentlemen of the jury, to the fact that this case is not brought by Mr. Whiting, but is brought by these two children of John Roy Mc-Camy. I also call your attention to the fact, gentlemen of the jury, you will notice that there are several railroad companies that are being sued in this case and they are all defendants named in the case and that there is an arrangement between the defendants for their operation.' " At this point in his argument to the jury, counsel for the defendants in error was interrupted by counsel for the plaintiffs in error and a motion was made for a mistrial. We are aware of no rule of law in this State which prohibits counsel in their argument to the jury from stating the names of the plaintiff and the defendant in the case before the jury, nor are we able to comprehend in what manner such a statement of the names of the parties could be said to have prejudiced the rights of either party. Counsel for the plaintiffs in error did not allow counsel for the defendants in error to proceed in his argument beyond this simple statement of the names of the parties, before he moved for a mistrial, and from this statement alone we can find no cause to warrant the granting of a new trial. It will be observed from the record that in his argument to the jury counsel for the plaintiffs in error had stated that the case should be tried as though Whiting were the plaintiff, since its defense was based upon the doctrine of attributable or imputable negligence. It is obvious, therefore, that this statement by counsel for the plaintiffs in error was provocative of the statement by counsel for the defendants in error, and it was natural that he should have made such a reply; nor did the statement complained of deprive the plaintiffs in error of their defense of imputable negligence; or, even assuming for the sake of argument that it tended to do so, this tendency was admirably cured by the charge of the court on the question of attributable or imputable negligence. The Supreme Court, in *Manchester* v.

*State*, 171 *Ga.* 121 (155 S. E. 11), held that the granting of a mistrial "is largely within the discretion of the court; and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with." We are of the opinion that the plaintiffs in error have not been deprived of the right of fair trial in the instant case through the remarks of counsel for the defendants in error in stating the names of the parties to the case, and we find no error in the refusal to grant a mistrial.

■ The general grounds of the motion for a new trial set forth no error requiring a reversal of the judgment. There is substantial evidence in support of some of the defendants in error's allegations of negligence, and uncontradicted evidence in support of the allegation as to the decedent earning from $6000 to $10,000 per year at the time of his death, and we are unable to say as a matter of law that the verdict is contrary to the evidence, or without evidence to support it, or in any manner excessive.

*Judgment affirmed.* *Sutton, P. J., and Parker, J., concur.*