### 23860. WAGNON et al. v. KEITH.

CANDLER, Presiding Justice. Alton Wagnon and W. B. Cox filed a suit for injunctive relief against W. H. (Billy) Keith. Their petition in substance alleges: They own a described tract of land in Murray County. Since May 9, 1965, the defendant has been continuously trespassing on it by constructing a road over it and using it for vehicular travel purposes. In the construction of such road, he has run over and broken down pine trees growing thereon and has stated

that it is his intention to continue to use it for the purpose of ingress and egress to and from adjacent land owned by him. The petition alleges that the defendant is insolvent and that his travel over petitioners' land by truck and farm machinery is wrongful and irreparable in damages. They prayed for an injunction both temporary and permanent to prevent the defendant from committing further acts of trespass on their land. The defendant answered the petition and denied that he had been or was now trespassing on petitioners' land. He averred that he had, under the provisions of *Code* § 85-1401, acquired a prescriptive right to use a private way which passes over petitioners' land. He denied that he had committed any of the acts of trespass alleged in the petition. On the trial the parties introduced much evidence and the jury found in favor of the defendant. The petitioners moved for a new trial and for a judgment notwithstanding the verdict. Their motions were overruled and they appealed those judgments to this court for review. *Held:*

1. Error is assigned on the court's failure to charge *Code* § 85-1402 without written request. This section provides: "Where a way of necessity is appurtenant to land, and the owner thereof purchases other land and makes, or can make, a way of access to a highway over his own land, the way of necessity ceases." Under the pleadings and the evidence in this case a charge of this section would have been improper. Defendant's right to use the road in question is based solely on the ground that he had acquired a prescriptive right to do so and not on the theory that it is a way of necessity within the meaning of *Code* § 85-1402. In this connection see *Russell v. Napier,* 82 Ga. 770 (3) (9 SE 746); *Charleston & W. C. R. Co. v. Fleming,* 118 Ga. 699 (4) (45 SE 664); and *Gaines v. Lunsford,* 120 Ga. 370, 372 (47 SE 967, 102 ASR 109).

2. Appellants urge and argue that the court erred in refusing to grant them a new trial on the general grounds of their motion therefor and in overruling their motion for judgment notwithstanding the verdict in favor of the defendant. These contentions are untenable. The evidence introduced by the parties is voluminous and conflicting in many respects. However, the jury was authorized to find from it that the road involved had been used continuously by the defendant, some

of his predecessors in title, and others for more than 50 years; that it was not more than 10 feet wide; that its location had not been changed in any way; that its users and the Murray County Commissioners had kept it open and in repair for a period of time far in excess of 7 years and that it had not been abandoned.

*Judgments affirmed. All the Justices concur.*

NOTE: The opinion in this case was prepared by Presiding Justice T. S. Candler before his retirement on December 31, 1966, and is presented to the court by Justice Undercofler with a recommendation that it be adopted.

SUBMITTED DECEMBER 14, 1966—DECIDED JANUARY 5, 1967.

*Pittman & Kinney, H. E. Kinney,* for appellants.
*Mitchell & Mitchell, D. W. Mitchell,* for appellee.