## 51287. SWYGERT v. ROBERTS.

WEBB, Judge.

Pursuant to Code § 83-119, Julian Roberts petitioned the ordinary for an order requiring James Swygert to remove obstructions from a private way passing over Swygert's land to the landlocked land of Roberts. Following a judgment in Roberts' favor, Swygert appealed to the superior court for a de novo determination. Pursuant to a pre-trial order, the issues were narrowed to (1) whether a private way existed and (2) whether Swygert obstructed it. The jury returned a verdict in Roberts' favor for the removal of the obstruction, and Swygert appeals.

It is conceded that Swygert obstructed the way, and the decisive issue for the jury was whether Roberts or his predecessor in title, either or both, had acquired a private way by prescription as provided for by Code §§ 83-112 and 85-1401. It is either conceded or undisputed that the way, called "Hodnett Road," passed through Swygert's improved land and that only seven, as opposed to twenty, years' uninterrupted use was required (Code § 85-1401); that the road did not exceed fifteen feet in width; that its width and location had not changed; and that Estes, tenant of Roberts' predecessor in title, had used the road continuously and had kept it open and in repair far in excess of seven years. Thus if Estes' use inured to the benefit of his landlord, who was Roberts' predecessor in title, the elements of prescription were quite adequately made out (*First Christian Church v. Realty Invest. Co.*, 180 Ga. 35 (1) (178 SE 303)), and the controlling issue in this appeal is whether the possession of the tenant Estes was, in law, the possession of his landlord.

1. Possession need not be held, in person, by the one claiming prescriptive rights. "He may hold by a tenant. The tenant's possession is that of his landlord; and the landlord is the true possessor, within the meaning of [the prescription statute, Code § 85-402]." *McMullin v. Erwin*, 58 Ga. 427, 430. Accord, *Knorr v. Raymond*, 73 Ga. 749 (3-5); *Sikes v. Seckinger*, 164 Ga. 96, 111 (6) (137 SE 833); *Cliett v. Metropolitan Life Ins. Co.*, 195 Ga. 257, 267 (4) (24 SE2d 59). Consequently the trial court did not err in

overruling Swygert's motions for directed verdict, for judgment n.o.v., and for new trial on the general grounds. *Wagnon v. Keith,* 222 Ga. 859, 860 (2) (152 SE2d 865).

A different result is not required by *Olsen v. Noble,* 209 Ga. 899 (76 SE2d 775), since in that case the landlord denied any claim of benefit of the tenant's use of the property. Here there is no such disclaimer. Moreover, if that case requires that the landlord must authorize the tenant's adverse use of the way, the landlord here impliedly authorized it since the land was rented for farming purposes and the "Hodnett Road" was the only means of ingress and egress to it. We note also that Swygert testified that he knew that the road had been used for these purposes, and that when he bought his land the road crossing it appeared on the plat.

2. The above ruling is dispositive of the two remaining enumerations of error, which complain of the trial court's refusal to give two of Swygert's requests to charge. These requests sought to eliminate from consideration the use of the road by the tenant Estes and were thus incorrect.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED NOVEMBER 3, 1975 — REHEARING DENIED NOVEMBER 21, 1975.

*Gambrell & Mobley, Robert D. Feagin, Kent B. Massie,* for appellant.

*Sanders, Mottola, Haugen, Wood & Goodson, Charles L. Goodson,* for appellee.