### 54537. RIGGENBACH et al. v. SMITH.

BANKE, Judge.

This is an appeal from a judgment requiring the appellants to remove obstructions from a private way running across their land. The action was originally brought in the Probate Court of Oconee County, where the appellee prevailed. Appeal was taken to the superior court for a trial de novo, wherein the appellee again prevailed by jury verdict. This appeal followed the denial of the appellants' motions for new trial and for judgment notwithstanding the verdict.

The roadway was located in an undeveloped area of the county and crossed a portion of a tract of land purchased by the appellants in late 1975. The obstruction was erected the following year.

There was evidence that the roadway measured approximately 12 feet in width and that it had been in existence since 1936. It provided access to property purchased by the appellee in 1955. The appellee testified that he and others using his land for recreational purposes had driven vehicles over the road from that year until 1976, when the obstruction appeared, and that its path had not shifted during that time. He further testified that he and others working for him had maintained the road since 1955 by cutting the brush on either side so that

an automobile could get through without being scratched.

This evidence was sufficient to authorize a jury to find that the appellee had a prescriptive right to the use of the private way. See Code §§ 85-1401, 83-112; *Wagnon v. Keith,* 222 Ga. 859 (2) (152 SE2d 865) (1967); *Hasty v. Wilson,* 223 Ga. 739 (2) (a) (158 SE2d 915) (1967).

The appellants contend that the appellee's use of the road could not have been adverse since he testified on cross examination that he had used the road with the permission of previous landowners. However, there was no indication that he ever sought such permission or that the maintenance work was done by permission or agreement. Compare *Nelson v. Girard,* 215 Ga. 518 (2) (111 SE2d 60) (1959). The appellee's adverse claim of right was sufficiently evidenced by his actions in keeping the road open and in suitable condition for travel by automobile, located as it was in a wooded, undeveloped area. See *Hasty v. Wilson,* supra, at 742; *First Christian Church at Macon, Georgia v. Realty Invest. Co.,* 180 Ga. 35, 43 (178 SE 303) (1934).

The appellants contend that the location of the roadway was never described with sufficient specificity. "The description of the road . . . would not have been sufficient if this had been a proceeding to lay out or to establish a new way; but it was sufficient to identify one existing and obstructed." *Kirkland v. Pitman,* 122 Ga. 256 (6) (50 SE 117) (1904).

No error of law appearing for any of the reasons assigned and the case having been submitted to the jury on sufficient evidence, the judgment is affirmed.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

Argued September 16, 1977 — Decided November 17, 1977.

*B. J. Rounds,* for appellants.
*Guy B. Scott, Jr.,* for appellee.