DECIDED JUNE 20, 1984.

*H. William Sams, Jr.*, for appellant.
*H. Henry Heffernan*, for appellee.

68455. PRICE & SONS GRADING COMPANY v. ASSOCIATED
IRON & METAL COMPANY.

DEEN, Presiding Judge.

On May 16, 1980, the appellant, Price and Sons Grading Company, contracted with the appellee to disassemble two buildings and to deliver the salvaged materials to the appellee. That contract provided for an adjustment in the purchase price if some of the materials were damaged prior to or in the course of loading; it further provided that in the event the parties could not agree upon an adjustment, the matter would be submitted to binding arbitration pursuant to the uniform rules and regulations of the American Arbitration Society.

Following a dispute over such a matter, both parties filed demands for arbitration. On May 5, 1981, the designated arbitrator conducted a hearing, and on May 16, 1981, he entered an award in favor of the appellee in the amount of $1,600 plus $367 for arbitration costs. Because the appellant refused to pay the award, the appellee commenced this action, seeking to have the arbitration award made the judgment of the court. On appeal from the trial court's grant of summary judgment for the appellee, the appellant contends that the arbitration award was invalid because the appellant did not consent to the arbitration and because the contractual agreement to submit to arbitration had been completed or abandoned by both parties. *Held*:

Initially, we find inapplicable the statutory provisions on arbitration in construction contracts. See OCGA § 9-9-80 et seq. As indicated in OCGA § 9-9-81 (b), those provisions "apply only to construction contracts, . . . contracts involving the architectural or engineering design of any building or the design of alterations or additions thereto . . ." While the demolition and salvage of two buildings may involve work similar to that of construction, we must construe the statute strictly and conclude that the contract for demolition and salvage was not a construction contract for the purposes of OCGA § 9-9-80 et seq.

OCGA § 9-9-1, in codifying the common law, provides that "[p]arties disagreeing as to their rights or liabilities may submit the matter to third persons to decide, and the award made by such arbitrators will be binding on the persons submitting the matter." "In an agreement for a common-law arbitration, such as is recognized in this

State . . ., the ordinary elements of a valid contract must appear, including an agreement to arbitrate some specific thing, and an agreement to abide by the award, either in express language or with implied consent to do so, as where the dispute is submitted to an arbitrator for final determination and he makes an award accordingly." *Cliett v. Metropolitan Life Ins. Co.*, 195 Ga. 257, 265 (24 SE2d 59) (1943). A party may enforce a common-law arbitration award by an action at law on a contract. See 5 AmJur2d, Arbitration & Award, § 152.

In this case, the appellant contends that there was nothing to arbitrate because the contract (which provided for arbitration) had been completed except for a portion of the original work that was assigned to a third party in a subsequent contract, and that, accordingly, the appellant's submission to arbitration was unwilling and invalid. However, in the record it was uncontroverted that in the contract the appellant agreed to binding arbitration in the event of a dispute and that the appellant actually had also demanded arbitration along with the appellee. Moreover, it is apparent that the same contentions were presented to, considered, and rejected by the arbitrator. To allow the appellant to defend against the enforcement of the arbitration award with these contentions would render the arbitration proceeding nugatory.

In summary, the appellant essentially sought to litigate an issue (completion of the contract performance) already resolved against it by the arbitration proceeding, a proceeding to which the appellant had agreed, in the demolition and salvage contract, to be bound. Accordingly, the appellant having shown no valid defense to the enforcement of the arbitration award, the trial court properly granted summary judgment for the appellee.

The appellee has moved pursuant to OCGA § 5-6-6, for 10 percent damages to be assessed against the appellant for bringing a frivolous appeal. We are not fully convinced that the appeal was brought up for delay only, and that motion is denied. *Almond v. Bentley Gray, Inc.*, 138 Ga. App. 508 (226 SE2d 776) (1976).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984.

*Scott Walters, Jr.,* for appellant.
*Tony Center,* for appellee.