*District Attorney*, for appellee.

A96A2252. KILGORE et al. v. GOLD KIST, INC. et al.
A96A2253. NORTH et al. v. STEPHENS et al.
(480 SE2d 391)

McMURRAY, Presiding Judge.

Louise Hutchison ("the deceased") was fatally injured when Thomas Stephens, while acting within the scope of his employment with Gold Kist, Inc. ("Gold Kist"), struck the side of the deceased's car with Gold Kist's delivery truck. The collision occurred as the deceased was crossing the highway in front of Stephens' oncoming vehicle. Stephens' evasive steering and braking maneuvers failed to avert the collision. Two lawsuits against Stephens and Gold Kist arose from the collision.

Plaintiffs Jeanette Kilgore, executrix of the deceased's estate, and Neldon Hutchison, executor of the deceased's estate, filed an action for funeral and other expenses, and the deceased's children, plaintiffs Verna North, Charles Hutchison, Nelson Hutchison, Jeanette Kilgore and Welber Hutchison, filed a wrongful death action. Both complaints allege that Stephens' negligent operation of Gold Kist's delivery truck was the proximate cause of the fatal collision. The suits were consolidated for a jury trial.

Plaintiffs offered expert testimony at trial that Stephens was exceeding the posted 55 mph speed limit just before the fatal collision. Stephens and Gold Kist offered expert testimony that Stephens was not exceeding the posted speed limit. The trial court, however, sustained Gold Kist's and Stephens' objections to Welber Hutchison's testimony that he duplicated the conditions under which Stephens was allegedly driving at the time of the collision — using a similar delivery truck — and that he "could not slide to the intersection [where the fatal collision occurred]."

The jury entered a verdict in favor of Stephens and Gold Kist. These appeals followed. Because the enumerations of error and arguments are identical, we consolidated Case Nos. A96A2252 and A96A2253 for disposition in this opinion. *Held*:

In two enumerations of error, plaintiffs contend the trial court erred in refusing to allow Welber Hutchison's testimony regarding the braking test he conducted. We do not agree.

The admission of testimony as to experiments rests within the trial court's discretion and this discretion will not be overturned on appeal absent manifest abuse. *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 882 (5) (311 SE2d 193). Although plaintiffs proffered testimony in the case sub judice that the truck Welber Hutchison used to

perform the braking test in question was similar to the truck Stephens was driving at the time of the collision, plaintiffs proffered no proof that Welber Hutchison's test-truck's braking system was the same or similar to the braking system on the truck Stephens was operating at the time of the collision. Under these circumstances, we cannot say the trial court abused its discretion in refusing to allow Welber Hutchison's testimony regarding the braking test he conducted. Assuming the contrary, however, we find no reversible error.

"Where certain evidence is excluded over objection, but the record contains similar evidence establishing the fact which it is sought to establish by the evidence which has been excluded, such exclusion will not constitute reversible error, even if the exclusion was erroneous." *Louisville & Nashville R. Co. v. McCamy*, 72 Ga. App. 769 (2) (35 SE2d 206). The crux of the plaintiffs' expert's testimony in the case sub judice — i.e., that Stephens was exceeding the posted 55 mph speed limit just before the fatal collision — had essentially the same impact as Welber Hutchison's testimony regarding the results of his braking test. Consequently, exclusion of Welber Hutchison's testimony does not constitute reversible error.

*Judgments affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JANUARY 29, 1997.

*Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III,* for appellants.

*Harman, Owen, Saunders & Sweeney, Michael W. McElroy, Perry A. Phillips, Merritt M. Wofford,* for appellees.